JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant William Kimbrough ("defendant") appeals pro se the judgment of the trial court dismissing his motion for an order that he was unavoidably prevented from discovery of new evidence. For the reasons set forth below, we affirm.
 {¶ 2} Defendant was convicted of kidnapping and forcible rape. His conviction and sentence were affirmed by this court in State v.Kimbrough (Aug. 17, 2000), Cuyahoga App. No. 76517. Defendant thereafter filed a petition for postconviction release, which was dismissed by the trial court. Defendant then filed a writ of mandamus seeking to compel the trial court to issue findings of fact and conclusions of law for dismissing his petition. In State ex rel. Kimbrough v. Greene (May 30, 2002), this court upheld the trial court's judgment, finding his petition for postconviction relief untimely, which the Supreme Court of Ohio affirmed in State ex rel. Kimbrough v. Greene, 98 Ohio St.3d 116,2002-Ohio-7042.
 {¶ 3} Defendant filed a motion for relief from judgment pursuant to Civ.R. 60 (A), which was denied by the trial court and affirmed by this court in State v. Kimbrough, Cuyahoga App. No. 82728, 2003-Ohio-6922. Defendant then filed a motion for an order that he was unavoidably prevented from discovering new evidence. Defendant claimed Tanisha Knighton contacted him in December 2000 after learning he had been incarcerated. She allegedly contacted defendant's trial counsel as an alibi witness. She claimed the attorney never followed up and she was not called as a witness at trial; she did not realize until later that defendant had been convicted, after which she contacted him.
 {¶ 4} The trial court denied his motion for an order that he was unavoidably prevented from discovering new evidence. It is from this denial that defendant now appeals, asserting this sole assignment of error for our review:
 {¶ 5} "I. The trial court erred and/or abused its discretion to the prejudice of appellant when denying his motion for an order finding that he was unavoidably prevented from discovery of new evidence which demonstrates that he was denied effective assistance of counsel. See Crim.R. 33."
 {¶ 6} Defendant maintains his trial counsel withheld and failed to further investigate information regarding an alibi witness for his defense. He claims he was unavoidably prevented from discovering this evidence because defense counsel never apprised him of it and therefore prejudiced him.
 {¶ 7} The denial of a motion for a new trial is within the competence and discretion of the trial judge, and such decision will not be disturbed absent a showing of an abuse of discretion. State v. Hill
(1992), 64 Ohio St.3d 313, 333, 1992-Ohio-43. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., State v. Moreland (1990), 50 Ohio St.3d 58, 61; State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} "The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction." State v. Otten (1986), 33 Ohio App.3d 339, citing State v. Martin (1983), 20 Ohio App.3d 172.
 {¶ 9} Crim.R. 33(A), regarding new trials, provides, in relevant part:
 {¶ 10} "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 11} "* * *
 {¶ 12} "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *
 {¶ 13} "(B) Motion for new trial; form, time. * * * Motions for new trial on account of newly discovered evidence shall be filed within 120 days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the 120 day period."
 {¶ 14} A trial court may require a defendant to file his motion for leave to file within a reasonable time after he discovers the new evidence.
 {¶ 15} In State v. Stansberry (Oct. 9, 1997), Cuyahoga App. No. 71004, this court stated:
 {¶ 16} "Without some standard of reasonableness in filing a motion for leave to file a motion for new trial, a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear. The burden to the state to retry the case might be too great with the passage of time. A defendant may not bide his time in the hope of receiving a new trial at which most of the evidence against him is no longer available.
 {¶ 17} "A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay. That determination is subject to a review by an abuse of discretion standard."
 {¶ 18} In this case, it is undisputed that defendant learned of the "newly discovered" evidence in December of 2000, however, he did not file a Crim.R. 33 (B) motion until May of 2004. We find this delay unreasonable. State v. Stansberry, supra, see also State v. York, Greene Cty. App. No. 2000 CA 70, 2001-Ohio-1528 (a one and a half year delay was unreasonable).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Corrigan, J., Concur.