[Cite as *State v. McConnell*, 2011-Ohio-5555.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                :

                           :         Appellate Case No. 24315

       Plaintiff-Appellee        :

                           :        Trial Court Case No. 03 CR 00400

v.                             :

                           :

MICHAEL McCONNELL       :        (Criminal Appeal from

                           :         Common Pleas Court)

       Defendant-Appellant       :

                           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of October, 2011

.. . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. #0072135, 424 Patterson Road, Dayton, Ohio 45419
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WAITE, J. (Sitting by Assignment)

{¶ 1} This is Appellant Michael McConnell's third appeal concerning his June 2003 conviction for the rape of his eight-year-old daughter. Appellant initially appealed his conviction, which was affirmed. Appellant then sought leave to file a motion for new trial in 2006. The trial court denied his motion without a hearing, Appellant appealed, and we

remanded for a hearing on his motion. On remand, the trial court granted Appellant leave to file his motion. No motion was filed.

{¶ 2} Two years after the trial court's entry granting him leave, in May of 2009, Appellant, without seeking additional leave, filed a motion for new trial citing the same grounds as the 2006 request for leave to file a motion for new trial. The trial court denied the May of 2009 motion as untimely under Crim.R. 33(B). Appellant did not appeal. One year later, in July of 2010, Appellant filed a hybrid motion for leave to file a motion for new trial and motion for new trial, substantively identical to the 2006 and 2009 versions of his previous motions. The 2010 motion was filed five years after the verdict and four-and-a-half years after the discovery of the "new evidence" identified by Appellant. The trial court denied the 2010 motion. Appellant filed the instant appeal from this ruling. For the following reasons, the judgment of the trial court is affirmed.

FACTUAL AND PROCEDURAL HISTORY

{¶ 3} The pertinent facts concerning the underlying prosecution and Appellant's subsequent motions are as follows. In June of 2003 Appellant was convicted of the rape of his eight-year-old daughter, D.M. At trial, D.M. gave a detailed account of the incident, relating that she awoke to find her father pulling her underwear down and placing his "front" in her "back." Her testimony at trial was consistent with her prior statements to her mother, Clare, and those made to the doctor in the emergency room who examined her when she was taken to the hospital by her mother. The emergency room doctor's assessment and D.M.'s medical history were examined by a second doctor, an expert on child abuse. Both examining doctors testified at trial that the injury D.M. sustained was consistent with the

incident described by the child, and ruled out alternate explanations for the injury based upon the child's medical history. Per protocol when dealing with sexual assault on a minor, the emergency room staff notified the police and social services, however, Clare removed D.M. from the hospital against medical advice and before the investigation was completed.

{¶ 4} Appellant denied molesting his daughter at trial, and instead claimed his daughter must have "rolled over onto what he described as his 'morning wood,'" resulting in the fissure described by the medical witnesses. (9/4/09 Memo Contra Motion for New Trial, p. 3.) Alternate testimony was also offered that "he did not do it and that if he did, he did not mean it because he thought that D.M. was Clare [his wife]." (6/7/06 Decision Order and Entry Denying Motion for Leave to File Motion for New Trial, p. 3.) Clare appears to have testified at trial on Appellant's behalf. Appellant filed a timely appeal of his conviction; the conviction was affirmed and the Ohio Supreme Court declined review.

{¶ 5} On or about February 20, 2006, Appellant filed a motion seeking leave to file a motion for new trial. The state's memorandum contra was filed on March 16, 2006. Appellant filed an amended motion on March 20, 2006, and his reply to the state's memo was filed on April 25, 2006. Attached to the amended motion was a March 9, 2006 affidavit of Clare which simply stated: "Sometime in January 2006, my daughter came to me and said that she felt very bad. She told me that nothing had happened between her and her father that she may have dreamed that this had happened." (*State v. McConnell,* 170 Ohio App.3d 800, 2007-Ohio-1181, ¶5.) The trial court reviewed the motions and the trial transcript and denied Appellant's motion for leave on June 7, 2006. The trial court found that Appellant's incarceration was not a sufficient impediment to obtaining his daughter's alleged recantation

within the 120-day period ordinarily contemplated by Crim.R. 33(B). Accordingly, the trial court denied Appellant's request for leave to file a motion for new trial without holding a hearing, deciding that he failed to demonstrate "by clear and convincing proof" that he was "unavoidably prevented from filing his motion" within the 120 days prescribed by the rule. Crim.R. 33(B). Appellant appealed, challenging both the denial of his motion and the trial court's failure to hold a hearing on the motion prior to ruling. We reversed the decision of the trial court and held that, while the court might ultimately deny the motion, the information in the record was sufficient to entitle Appellant to a hearing on his motion. We also noted that although the mother's affidavit did not seem sufficient to support a motion for new trial, the affidavit combined with Appellant's incarceration at least supported the motion sufficiently that the court should have held a hearing before ruling on the motion. On remand, following a hearing, the state filed a brief conceding that the prosecutor could not produce evidence demonstrating Appellant was capable of filing his motion within the 120-day period.

{¶ 6} On July 27, 2007, the trial court granted Appellant leave to file his motion for new trial pursuant to Crim.R. 33(B). This rule requires that the motion must be filed within seven days of the order granting leave. Appellant did not file a motion for new trial within the seven-day period, however. On May 12, 2009, nearly two years later, Appellant filed his motion for new trial. As grounds for the 2009 motion, Appellant again cited to "new evidence," but Appellant raised the same evidence identified in the 2006 motion, D.M.'s alleged recantation. Attached to this motion was an affidavit that appeared to be signed by D.M. who attested only: "the letter attached to this affidavit is true." There was a document

attached to the affidavit, which suggested that D.M. was envious of her brother, wanted attention, and made up the story about her father, and that the fissure must have been the result of straining too hard to defecate, not any misconduct by Appellant. (5/12/09 D.M. Aff.) None of these details were included in D.M.'s affidavit, nor did the affidavit, or the motion itself, explain the delay in filing the motion. The state opposed the motion and the trial court denied it as untimely on November 6, 2009.

{¶ 7} On July 12, 2010, more than a year after filing his untimely motion for new trial, Appellant filed a third motion for leave to file for new trial, this time with his motion for a new trial attached. In support of this, second, motion seeking leave, Appellant attached a copy of the same affidavit offered in support of the previous year's motion for new trial, but no new affidavit or other evidence was presented. The motion itself was substantively identical to the motion denied by the trial court the year before. The copy of the affidavit was not certified or otherwise authenticated. Again, no explanation as to the delay was given and no new evidence was offered. The state filed an opposing motion. On September 29, 2010, the trial court cited the record demonstrating Appellant was aware of the "new evidence" offered in support of the 2010 motion for more than four years, as early as February of 2006, when he filed his original motion. The court found this third attempt to gain a new trial was barred by the doctrine of res judicata. Appellant filed a timely appeal on October 29, 2010.

ASSIGNMENT OF ERROR

{¶ 8} "THE TRIAL COURT ERRED IN ISSUING AN ORDER AND ENTRY OVERRULING THE MOTION FOR NEW TRIAL."

{¶ 9}   In his sole assignment of error, Appellant asserts the trial court should have allowed, at minimum, a hearing on his renewed combined motion for leave to file and motion for new trial.

{¶ 10} Crim.R. 33 governs new trials and provides the following as one of the grounds on which a new trial may be granted on a defendant's motion:

{¶ 11} "(6)   When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case.   The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."

{¶ 12} The rule further provides a limitation on the time in which a defendant has to file the motion:

{¶ 13} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.   If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within

the one hundred twenty day period."  Crim.R. 33(B).

{¶ 14} The trial court cannot extend the time to file a motion under Crim.R. 33 other than pursuant to the conditions provided in that rule.  See Crim.R. 45(B).  When a motion pursuant to Crim.R. 33(A)(6) is filed more than 120 days after judgment, the reviewing court first examines the record to determine if the defendant provided clear and convincing proof that the evidence could not have been discovered with due diligence before the time limit imposed by Crim.R. 33(B) expired.  *State v. Simms* (June 24, 1999), Cuyahoga App. No. 74702.  "Clear and convincing proof" is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Schiebel* (1990),  55 Ohio St.3d 71, 74, citing *Cross v. Ledford* (1954), 161 Ohio St. 469,  paragraph three of the syllabus.

{¶ 15} "A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits.  If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay."  *State v. Stansberry* (Oct. 9, 1997), Cuyahoga App. No. 71004.  See, also, *State v. Kimbrough*, Cuyahoga App. No. 84863, 2005-Ohio-1320, at ¶17; *State v. Newell*, Cuyahoga App. No. 84525, 2004-Ohio-6917; *State v. Valentine*, Portage App. No. 2002-P-0052, 2003-Ohio-2838, at ¶9; *State v. York* (April 6, 2001), Greene App. No. 2000 CA 70.

{¶ 16} The trial court's determination of a Crim.R. 33 motion is reviewed under an

abuse-of-discretion standard. *Schiebel*, at paragraph one of the syllabus; *State v. Brumback* (1996), 109 Ohio App.3d 65. Abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. The reviewing court cannot substitute its judgment for that of the trial court when competent, credible evidence supports the trial court's decision. *Schiebel*, at 74.

{¶ 17} Appellant asserts that D.M. recanted her testimony in January 2006. In 2006, Appellant sought and obtained leave to present evidence of D.M.'s recantation. Having obtained leave, Appellant failed to act on that leave for two years. When Appellant filed his motion for new trial two years after he was granted leave, it was properly denied. The motion was barred by Crim.R. 33(B), which requires that the motion be filed within seven days of the order granting leave, and by Crim.R. 45, which provides "[t]he court may not extend the time for taking any action under Rule 23, Rule 29, Rule 33, and Rule 34, except to the extent and under the conditions stated in them." Once a motion for leave has been granted, the trial court has no discretion to change the time in which the motion for new trial must be filed. Although this issue is not common, other courts in this state, including this district, are in agreement that tardy "newly discovered" evidence is unreasonable and motions for new trial may be denied on that basis alone. *State v. Berry*, Franklin App. No. 06AP-803, 2007-Ohio-2244 (five years after discovering evidence too late); *Kimbrough*, (three-and-a-half years too late); *York*, (one-and-a-half years after obtaining affidavit too long); *State v. Barnes* (Dec. 30, 1999), Clermont App. No. CA99-06-057 (five years too long).

{¶ 18} The essence of Crim.R. 33 is that collateral attacks on the validity of trial proceedings must be made close in time to the proceeding to ensure that any issue raised may

be given full and fair consideration. The rule equally protects both the finality of verdicts and principles of judicial economy. Delays in presenting evidence once discovered undermine the "overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay." *Barnes*. Allowing a defendant to drag the process out while the evidence and the recollections of witnesses become increasingly stale defies the very purpose of the criminal rules. Similarly, once leave has been given, the promised evidence must be presented or the opportunity lost. Any other result would defeat the purpose of the rule intended to ensure that cases are decided on the best evidence available and that any defect in judgment is swiftly identified and swiftly remedied.

{¶ 19} Even if Appellant had produced the affidavit filed in 2009 during the original seven-day period, it is unlikely such evidence would have carried a motion for new trial. Although the decision would have remained within the discretion of the trial court, not only are recantations viewed with disfavor, the explanation of the physical evidence suggested in the recantation is identical to the explanation that was raised and discarded based on medical evidence at trial. D.M.'s age, the fact that Appellant is her father and the fact that her mother both testified on his behalf at trial, and originally attested to the alleged recantation, are all suggestive of coercion. Moreover, the elements of the alleged recantation are not included in the affidavit and are not sworn statements. Motions for new trial are not granted lightly and "[n]ewly discovered evidence which purportedly recants testimony given at trial is 'looked upon with the utmost suspicion.'" *State v. Isham* (Jan. 24, 1997), Montgomery App. No. 15976. The trial court would be required to make two findings "(1) which of the

contradictory testimonies of the recanting witness is credible and true, and if the recantation is believable; (2) would the recanted testimony have materially affected the outcome of the trial?" *State v. Arnold*, 189 Ohio App.3d 507, 2010-Ohio-5379, ¶30, citing *Toledo v. Easterling* (1985), 26 Ohio App.3d 59, paragraph three of the syllabus. Vague or incredible testimony is insufficient. *State v. Aldridge* (1997), 120 Ohio App.3d 122, 151-152. In light of the physical and medical evidence produced at trial and the circumstances surrounding the case and the alleged recantation, the evidence produced by Appellant appears insufficient on its face.

{¶ 20} As courts have found statewide, challenges must be timely and where genuinely new evidence is discovered, such evidence must be brought to light as soon as possible. Not only is Appellant's motion tardy, the motion is itself facially deficient. Appellant has mistaken the nature of the proof required when making a Crim.R. 33 motion outside the 120-day period. After the 120 days have elapsed the party seeking leave to file a motion for new trial must prove he or she was unavoidably prevented from discovering the new evidence and filing his or her motion within the prescribed period. Once the evidence is known to the defendant, caselaw dictates that it is incumbent upon him to act within a reasonable time period. Appellant has not done so, and has failed to explain his failure. Instead, he proffers the copy of an affidavit alleged to be his daughter's recantation. Even if the document attached to the most recent motion were an actual affidavit, or an acknowledged copy, it is irrelevant to the threshold requirement of Crim.R. 33(B), and it is no longer new evidence. Appellant sought and obtained leave to present this evidence and failed. His subsequent motions present no new evidence. Once Appellant has been granted leave and

failed to file, no combination of motions or repeat filings can revive the opportunity. The trial court acted within its discretion when it denied a facially deficient refiling of a motion for new trial based upon "evidence" discovered more then four years earlier.

## CONCLUSION

{¶ 21} The trial court did not abuse its discretion when it denied Appellant's motions for leave to file a delayed motion for new trial and/or motion for a new trial. Appellant has failed to comply with the requirements of Crim.R. 33(A)(6), Crim.R. 33(B), and Crim.R. 45 and failed to file his motion within a reasonable time after discovering the new evidence. Appellant's sole assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

(Hon. Cheryl L. Waite, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Jay A. Adams
Hon. Mary Katherine Huffman