[Cite as *State v. Roberts*, 2011-Ohio-2534.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95533

STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

DAVID W. ROBERTS

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Civil Appeal from the

Cuyahoga County Court of Common Pleas
Case Nos. CR-480193 and CR-483914

**BEFORE:** Stewart, P.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 26, 2011

**FOR APPELLANT**

David W. Roberts, Pro Se
Inmate No. A-511-605
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH    44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Matthew E. Meyer
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant, David W. Roberts, appeals the order of the Cuyahoga County Common Pleas Court denying his second petition for postconviction relief. Following review of the record, and for the reasons stated below, we affirm.

{¶ 2} In 2006, Roberts was indicted by the Cuyahoga County Grand Jury in Case No. CR-480193 on four counts of drug possession, four counts of drug trafficking, and one count of possession of criminal tools. He was also indicted in Case No. CR-483914 on two counts of drug trafficking with a schoolyard specification, two counts of drug possession, and one count of possessing criminal tools. The two cases were consolidated and, on July 31, 2006, Roberts pleaded guilty to two counts of drug trafficking, two counts of drug possession, and two counts of possessing criminal tools. The other counts were dismissed as nolle prosequi. Roberts received an agreed sentence of six years on all counts. Roberts did not timely appeal his conviction or sentence.

{¶ 3} On November 7, 2006, Roberts moved to withdraw his guilty plea. Roberts alleged that trial counsel had been ineffective for failing to conduct a pretrial investigation of all charges in CR-480193 and that the court had failed to obtain and file a signed waiver of a jury trial. The trial court denied Roberts's motion on November 21, 2006 without opinion.

**{¶ 4}** On February 21, 2007, Roberts filed a petition for postconviction relief on the grounds that he had received ineffective assistance of trial counsel when counsel failed to conduct pretrial discovery, failed properly to assert Roberts's Fourth Amendment claims, failed to move for a bill of particulars, failed to move to suppress certain evidence, and waived a suppression hearing. The trial court denied the petition. This court affirmed the decision finding that because Roberts's ineffective assistance of counsel claim was not raised on a direct appeal, it was barred by res judicata. *State v. Roberts*, 8th Dist. No. 90020, 2008-Ohio-2347 ("*Roberts I*").

**{¶ 5}** Roberts twice moved to file a delayed appeal with this court. Both requests were denied. The Federal District Court for the Northern District of Ohio later granted defendant habeas relief providing that "the State must grant him leave to file a delayed appeal" or release him from custody. See *Roberts v. Gansheimer* (June 3, 2009), N.D. Ohio No. 08-CV-1473, unreported. Accordingly, we granted Roberts leave to file a delayed direct appeal.

**{¶ 6}** On direct appeal of his conviction, Roberts alleged that his constitutional rights were violated by alleged illegal searches and seizures, ineffective assistance of counsel relating to lack of investigation and failure to raise Fourth Amendment claims, prosecutorial misconduct and failure to disclose exculpatory evidence. As a result, he claimed that his pleas were

not knowingly, intelligently, and voluntarily entered. Upon review, we found that by pleading guilty, Roberts waived any constitutional errors that occurred prior to the entry of his plea. We also found that his guilty pleas were knowingly, intelligently, and voluntarily entered. As a result, Roberts's convictions were affirmed. *State v. Roberts*, 8th Dist. No. 89453, 2010-Ohio-3302 ("*Roberts II*").

{¶ 7} While that appeal was pending, Roberts filed a second petition for postconviction relief raising essentially the same claims he had raised in his first petition and in his direct appeal: 1) ineffective assistance of trial counsel in CR-483914 for lack of pretrial investigation and failure to file a motion to suppress; 2) unlawful searches and seizures resulting in evidence that should have been suppressed; and, 3) prosecutorial misconduct for failing to disclose exculpatory evidence and failing to provide sufficient evidence to support the drug trafficking and possession charges. The trial court denied Roberts's petition as untimely filed and barred by res judicata.

{¶ 8} In this appeal, Roberts challenges the denial of his second petition and raises three errors for our review. Roberts claims that the trial court abused its discretion by: 1) finding that his claims were barred by res judicata; 2) determining that his petition was untimely filed; and, 3) failing to conduct an evidentiary hearing on his claims. The assigned errors have a common basis in fact and law and shall be considered together.

Res Judicata

{¶ 9} Roberts asserts that the trial court violated his due process rights and abused its discretion by denying his claims on the basis of res judicata. He points to the denial of his two requests for delayed appeal and argues that he was unable to obtain fair and meaningful appellate review of his ineffective assistance of counsel claim. Roberts argues that absent such a review, the principles of res judicata do not apply.

{¶ 10} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus. In other words, a petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal. *State v. Kent*, 8th Dist. No. 94562, 2010-Ohio-6368.

{¶ 11} Notwithstanding his two unsuccessful efforts to obtain a delayed appeal, Roberts was ultimately granted a direct appeal of his judgment of conviction and given full appellate review of his claims. As a result of that review, Roberts's convictions and the agreed six-year prison sentence were

affirmed. *Roberts II*. In that case, we found that Roberts's guilty pleas to two counts of drug trafficking, two counts of drug possession, and two counts of possession of criminal tools "were offered knowingly, intelligently, and voluntarily and that the trial judge substantially complied with the statutory guidelines for accepting a guilty plea." Id. at ¶27. We also found that Roberts's claims of Fourth Amendment violations by the Cleveland and Bedford Heights police departments, ineffective assistance of trial counsel, and prosecutorial misconduct for failing to disclose exculpatory evidence lacked merit and were therefore, overruled.

{¶ 12} In the instant case, Roberts again claims that the Bedford Heights police violated his Fourth Amendment rights and that these violations would have become apparent had trial counsel properly conducted pretrial discovery in CR-483914. However, we specifically rejected this argument in Roberts's direct appeal. We found that "[a]ny lack of pre-trial discovery in CR-483914 is not fairly attributed to defendant's attorney but rather to defendant's deliberate decision to enter a guilty plea only days after return of that indictment." *Roberts II* at ¶26. Accordingly, we find no error in the trial court's determination that the claims in Roberts's petition for postconviction relief are barred by res judicata.

Timeliness of Petition

**{¶ 13}** We also find no error in the trial court's determination that Roberts's petition was untimely filed. A defendant may not file a second or successive petitions for postconviction relief unless he meets certain criteria set forth in the statute. R.C. 2953.23(A) states in pertinent part:

**{¶ 14}** "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

**{¶ 15}** "(1) Both of the following apply:

**{¶ 16}** "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶ 17}** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ***."

{¶ 18} Unless the exceptions in R.C. 2953.23 apply, a judge lacks jurisdiction to consider an untimely petition for postconviction relief. *State v. Short*, 8th Dist. No. 83492, 2004-Ohio-2695, ¶4. In his brief to the trial court, Roberts argued that the grant of a delayed appeal acted to reset the jurisdictional clock in R.C. 2953.21 and gave him additional time to file his petition. However, on appeal, Roberts asserts only that his petition was timely filed under R.C. 2953.23(A) because he was unavoidably prevented from discovering the material evidence supporting his petition.

{¶ 19} We find no merit to Roberts's argument that, due to his trial counsel's failure to conduct pretrial discovery, he was unavoidably prevented from discovery of the facts necessary to present his claim for postconviction relief. As noted above, the lack of pretrial discovery was a result of Roberts's own decision to accept the state's "package deal" plea offer days after he was indicted in the second drug case, not due to any failure on the part of his trial counsel to properly prepare a defense in that case. Additionally, the police reports and court documents attached to Roberts's petition have been a matter of public record since 2006. Thus, Roberts has not demonstrated that he was unavoidably prevented from discovering the facts upon which he bases his petition.

Hearing

{¶ 20} Where a defendant has failed to meet the first prong of the test contained in R.C. 2953.23(A), the petition is untimely and the trial court may properly dismiss the petition without hearing. *State v. Smith* (Feb. 17, 2000), 8th Dist. No. 75793.

{¶ 21} Accordingly, we overrule Roberts's three assignments of error. Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, J., CONCUR