[Cite as *State v. Gray*, 2019-Ohio-1638.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

    v.                             :

RAMON GRAY,                             :

    Defendant-Appellant.           :

No. 107394

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 2, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-08-507759-A

---

### *Appearances:*

Russell S. Bensing, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and Anthony Thomas Miranda, Assistant Prosecuting Attorney, *for appellee.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Ramon Gray ("Ramon") appeals from the trial court's judgment denying his motion for leave to file a motion for new trial. For the reasons that follow, we affirm.

**Procedural History**

{¶ 2}   At trial on September 29, 2008, Ramon was found guilty of two counts of aggravated murder, each with a capital offense and firearm specification, and one count of having a weapon while under disability.  He was sentenced to life in prison without parole.  Ramon appealed and this court affirmed his conviction and remanded on sentencing errors in *State v. Gray*, 8th Dist. Cuyahoga No. 92303, 2010-Ohio-240.  Ramon filed a petition for postconviction relief on July 29, 2009, that was denied on February 6, 2014, because it was untimely and barred by the doctrine of res judicata.

{¶ 3}   On December 28, 2017, Ramon filed a motion for leave to file a delayed motion for new trial on the basis of newly discovered evidence.  The trial court conducted a hearing on the motion for leave on March 27, 2018, and denied the motion on June 5, 2018.  Ramon now appeals, presenting one assignment of error for our review.

**Statement of the Facts**

{¶ 4}   The facts that led to Ramon's conviction were clearly detailed in a prior appeal decided in *Gray* at ¶ 2-9 and were stated as follows:

> At approximately 2:30 a.m. on January 11, 2007, as Eddie Parker walked up to the B-5 Lounge and Deli in Cleveland, Ohio, he saw his younger brother, Andre Parker, and his brother's friend, Willie DeLoach, scuffling with two men in the parking lot.  Eddie described the man fighting with his brother as wearing a black leather jacket and black baseball cap (later identified as Ramon) and the man fighting with DeLoach as wearing a white tee-shirt and a white skull cap with a small brim on it (later identified as Ramon's brother, Rufus Gray).

Eddie saw the man fighting with his brother pull a weapon and then saw Andre run to his car. Eddie ran inside the B-5 Lounge and screamed for the owner to call 911 and then, as he watched through the windows, saw Ramon open the rear passenger door of his brother's car, and, with one hand on top of the car, aim the gun into the car and fire two shots into the vehicle.

\* \* \*

Eddie then went out to the parking lot, where he found his brother slumped back in the driver's seat of his car and DeLoach lying wounded in the parking lot. Both men died almost immediately; according to the coroner, Andre Parker died from a single gunshot wound to the right side of the chest and DeLoach died from a single gunshot wound to the left abdomen. The coroner also determined that both men had been shot with the same weapon.

\* \* \*

The police arrested Ramon in February 2008. After his arrest, Eddie identified Ramon in a physical line-up at police headquarters as the man who shot his brother. Subsequently, the police determined that three fingerprints lifted from above the rear passenger side door of the car Andre Parker was found in matched Ramon's prints.

{¶ 5} Ramon now presents the affidavits of his brother Rufus Gray ("Rufus"), Curtis Davis ("Davis"), and himself providing new evidence that allegedly supports his motion for leave to file a motion for new trial. The relevant portions of the new narrative are as follows. As Ramon and Rufus attempted to leave the B-5 Lounge and Deli, they were followed by two men. Two men fought with Rufus at the back of Ramon's vehicle while Ramon fought one man at the front of the car. As Ramon fought with this man, a fourth man exited the deli and entered into the fight with Ramon. Ramon fought the two men at the front of his car while his brother fought two men at the rear of the car. Ramon heard a gunshot from the rear of

Ramon's car, near where Rufus was fighting. One of the men fighting with Ramon ran back into the deli and Ramon and the fourth man ran to the side of the deli, down 142nd Street. The men stopped in the alley to continue fighting, but heard two more gunshots. The man fighting Ramon, whom Ramon could not identify, ran from the scene.

{¶ 6} The gunshots occurred near Rufus and the gun belonged to one of the men fighting Rufus. Rufus was hit over the head with the gun and the weapon fell to the ground. Rufus grabbed the gun first and the two men tried to wrestle it from his grip. While struggling, a gun shot was fired and struck one of the men fighting with Rufus. That individual ran to his car and sat in the driver's side seat. Rufus continued to fight with the remaining man, both trying to gain control of the gun. With both men's hands on the gun, one shot was fired into the air and a second shot hit the man fighting with Rufus. The man fell to the ground and Rufus left in Ramon's car, finding Ramon on East 142nd Street. Rufus attests Ramon did not have a gun at the scene nor did Ramon fire any shots. Rufus states he was subpoenaed to appear at Ramon's trial and was present, but was never called to testify. Had he been called as a witness, he would have presented the facts in his affidavit. Ramon's trial attorneys and Rufus unsuccessfully attempted to locate the unidentified fourth individual with whom Ramon fought.

{¶ 7} The affidavits further state that while Ramon was serving time at Lake Erie Correctional Institution, Davis began serving a ten-year sentence at the same facility in late 2015. Davis approached Ramon and indicated he was the fourth man

who fought with Ramon on the day of the murders. Davis's affidavit depicts the same facts as those presented above. Davis did not offer an alibi for Ramon at trial due to his fear of being shot or beat up by Eddie Parker. Davis now avers that Ramon did not have a weapon on the night in question and Ramon did not shoot Andre Parker or Willie DeLoach; Ramon was with Davis on East 142nd when those individuals were shot. Davis kept a low profile to avoid any encounters with the police or Eddie Parker and, as a result, it would have been difficult to locate Davis following the shootings.

{¶ 8} Ramon presented this new evidence to support his motion for leave to file a motion for new trial. Following a hearing, the trial court denied Ramon's motion for leave on June 5, 2018. Ramon appeals, presenting the following assignment of error for our review. Assignment of Error I: the trial court abused its discretion in denying defendant's motion for leave to file a motion for new trial on the basis of newly discovered evidence.

## Law and Analysis

{¶ 9} This court reviews the denial of leave to file a delayed motion for new trial for an abuse of discretion. *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 13 (8th Dist.). "The term 'abuse of discretion' is one of art, 'connoting judgment exercised by a court, which does not comport with reason or the record.'" *State v. Alexander*, 11th Dist. Trumbull No. 2011-T-0120, 2012-Ohio-4468, ¶ 10, quoting *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶ 30.

{¶ 10} Crim.R. 33(B) contemplates a bifurcated procedure: (1) a motion for leave to file a delayed motion for new trial supported by evidence demonstrating that the movant was unavoidably prevented from ascertaining the ground sought to be asserted by way of motion for new trial within fourteen days after the rendering of the verdict; and (2) if the motion be granted, the filing within seven days of the actual motion for new trial properly supported by affidavit demonstrating the existence of the grounds for the motion pursuant to Crim.R. 33 (C). *State v. Walden*, 19 Ohio App.3d 141, 483 N.E.2d 853 (10th Dist.1984).

{¶ 11} A motion for new trial based on newly discovered evidence filed beyond 120 days of a jury verdict must demonstrate, by clear and convincing proof, that the petitioner was unavoidably prevented from discovering the evidence upon which he must rely. Crim.R. 33(B). A party is "unavoidably prevented" from discovering evidence if the party had no knowledge of the existence of the grounds supporting the motion and could not have learned of that existence in the exercise of reasonable diligence within the time prescribed by the rule. *See State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 17, quoting *State v. Lee*, 10th Dist. Franklin No. 05AP-229, 2005-Ohio-6374, ¶ 7.

{¶ 12} Where the newly discovered evidence is obtained beyond the prescribed 120 days, a petitioner must first file a motion for leave to file a delayed motion for new trial. *State v. Phillips*, 8th Dist. Cuyahoga No. 104810, 2017-Ohio-7164. In it, the petitioner must show by "'clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" *Gray* at ¶ 13,

quoting *State v. Morgan*, 3d Dist. Shelby No. 17-05-26, 2006-Ohio-145, ¶ 9. Clear and convincing proof "is that measure or degree of proof [that] is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' * * * and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. In addition to showing an unavoidable delay in discovering the evidence, a petitioner must show that they filed their motion for leave within a reasonable time after discovering the evidence. *Gray* at ¶ 18. Whether a delay is reasonable depends on the facts and circumstances surrounding the case and whether the petitioner has an adequate explanation for the delay. *Id.* If the trial court finds that the documents submitted in support of a motion for leave clearly and convincingly demonstrate that the petitioner was unavoidably prevented from discovering the evidence, then the court must grant the motion for leave to file a motion for new trial. *State v. Glover*, 2016-Ohio-2833, 64 N.E.3d 442, ¶ 28 (8th Dist.).

{¶ 13} Ramon's trial was held on September 15, 2008, and his motion for leave to file a motion for new trial was filed on December 28, 2017, well beyond the 120-day time limit. Ramon had to establish, by clear and convincing evidence, that he was unavoidably prevented from discovering the new evidence as a predicate for obtaining leave to file a new trial.

{¶ 14} The offered affidavits do not satisfy the required clear and convincing standard. A claim that evidence was undiscoverable simply because the defense did

not take the necessary efforts to obtain the evidence sooner does not meet the requisite standard. *State v. Anderson*, 10th Dist. Franklin No. 12AP-133, 2012-Ohio-4733, ¶ 14. Criminal defendants and their trial counsel have a duty to make a "serious effort" of their own to discover potential favorable evidence. *State v. Williams*, 8th Dist. Cuyahoga No. 99136, 2013-Ohio-1905, ¶ 9. No evidence has been introduced to indicate what, if any, steps were taken by defense counsel to locate the "fourth man." No affidavit has been provided by trial counsel corroborating Ramon and Rufus's affidavits. There is no evidence to suggest the police were told of Ramon's alibi along with a description of the man. Davis avers he moved just prior to the murders, did not have a job, and purposely attempted to keep a low profile. We cannot discount what the police could have accomplished had they been privy to Ramon's alibi and a description of the man with whom he allegedly fought in the alley. An alibi is not newly discovered evidence from which appellant was unavoidably prevented from knowing within the time frame prescribed by Crim.R. 33. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 102930 and 103090, 2015-Ohio-5428, ¶ 28. Ramon did not testify at trial and his unsworn statement to the jury made no mention of the "fourth man." If Ramon fought with a fourth man at the scene who could testify he was not the shooter, Ramon was privy to this information at the time of the trial. No new evidence has been introduced.

{¶ 15} A court may discount self-serving affidavits from a petitioner or his family members. *State v. Stedman*, 8th Dist. Cuyahoga No. 83531, 2004-Ohio-3298, ¶ 29. The affidavits of Ramon and Rufus are self-serving in that both

individuals are personally tied to the outcome of the motion. Even setting aside the fact that the affidavits are self-serving, they are deficient. Ramon claims he testified at the mitigation phase of his trial to the same facts included in his affidavit. Yet, the only testimony presented by Ramon at trial was an unsworn statement discussing his family dynamics and education, his encounters with the law, and his hope the jury would spare his life. Rufus's affidavit states he canvassed the area around the Deli and on a separate occasion he and his mother spoke with people in the neighborhood in an attempt to locate the "fourth man." Ramon and Rufus's mother performed internet searches, presumably after Ramon's sentencing, for the "fourth man" and Rufus periodically stopped at the deli from 2009 to 2016 to seek leads. These purported minimal attempts did not uncover the name and whereabouts of Davis. We again reference Ramon's failure to notify the police of Davis's presence at the shooting so that they could attempt to locate him soon after the incident occurred.

{¶ 16} While it is not the factfinder's role to determine the merits of the new trial motion, leave to file a motion for new trial requires the offered evidence to produce a "firm belief or conviction as to the facts." *State v. Mack*, 8th Dist. Cuyahoga No. 75086, 1999 Ohio App. LEXIS 5063, 4 (Oct. 28, 1999). The information contained within the affidavits is not plausible when compared with the forensic evidence. The fingerprint evidence established Ramon touched the roof of the victim's car, which comports with the eyewitness' narrative. The new version of the events does not place Ramon near the victim's car and leaves the presence of his

fingerprints unexplained.  The forensic evidence supported the argument that Andre Parker was shot while seated inside his car.  No gunshot primer residue was found on the victims.  Yet, the affidavits propose Parker was shot outside his vehicle and the victims were holding the guns when the gunshots were fired.  The new evidence lacks credibility.

{¶ 17} Lastly, even assuming Ramon established he was unavoidably prevented from discovering the name of Davis, Ramon's motion for leave was not filed within a reasonable time after he learned of the new evidence.  Davis was transferred to the Lake Erie Correctional Institution in late 2015.  Davis's affidavit was not obtained until December 2017.  The lapse of two years is outside a reasonable timeframe.

{¶ 18} Because Ramon did not provide clear and convincing evidence that he was unavoidably prevented from discovering the new evidence, the trial court's denial of his motion for leave to file a motion for new trial was not an abuse of discretion.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

MARY EILEEN KILBANE, A.J., and
LARRY A. JONES, SR., J., CONCUR