[Cite as *State v. Malone*, 2024-Ohio-5215.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

      Plaintiff- Appellee,              :

                                     No. 113700

      v.                                          :

JAMAL MALONE,                                  :

      Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-13-577833-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant Jamal Malone appeals the trial court's decision denying his motion for leave to file a motion for a new trial. On appeal, he argues

the trial court erred in denying his motion and failing to hold a hearing on his motion. After a careful review of the record and pertinent case law, we affirm the trial court's judgment.

**Background**

{¶ 2} In 2014, Malone and codefendant Darnell Holloway were convicted of aggravated murder and related offenses after a joint jury trial. At the trial, the State produced evidence to show that Malone paid his cousin Holloway to kill Kishawn Stratford, who Malone believed had robbed him several days before. A surveillance video depicted the victim riding his bicycle toward a white Chevy Impala — later determined to be Malone's vehicle — parked near the victim's apartment building. The victim approached the driver, later determined to be Malone, and while the victim spoke to Malone, a man, later identified as Holloway, ran up behind the victim and fired his gun into the victim's back. Holloway then jumped into the vehicle, and the vehicle sped away. A neighbor of the victim heard the gunshots and ran to the victim. While assisting the victim, she asked him, "[W]ho did this?" The victim repeatedly said "Mal" before losing consciousness.

{¶ 3} This appeal concerns codefendant Holloway and John Young, who was Holloway's cellmate in Cuyahoga County Jail. Young testified at trial that Holloway admitted to him that he was paid $3,500 and a pound of marijuana for his role as the shooter in Stratford's murder; Young, however, did not mention Malone's name in his testimony. Holloway also confided to another cellmate, Rodell Smith, regarding his presence in the scene of the murder. Subsequently, Young and Smith

wrote to an assistant prosecutor regarding their knowledge of Holloway's involvement in Stratford's murder. Both offered to testify against Holloway in exchange for a plea agreement for reduced charges in their own cases. The prosecutor granted their requests, and both testified at trial regarding what they heard from Holloway about the murder and the plea bargain they received.

{¶ 4} In his direct appeal, Malone argued that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. He also argued he was denied a right to a fair trial when he was tried jointly with Holloway. He additionally challenged the lack of certain jury instructions he requested regarding Young's and Smith's testimony. He claimed furthermore that the trial court should have instructed the jury on the issue of accomplice testimony, despite the fact that Holloway did not testify at trial. This court overruled all his assignments of error and affirmed his convictions. *State v. Malone*, 2015-Ohio-2150 (8th Dist.), *discretionary appeal not allowed*, 2015-Ohio-5225. In 2018, Malone initiated a habeas corpus proceeding in federal court, raising essentially the same claims he had raised in his direct appeal. The federal court dismissed his petition for writ of habeas corpus.

{¶ 5} In 2023, Malone filed, through counsel, the instant motion for leave to file motion for new trial and a proposed motion for new trial instanter. He claims a new trial is necessary because one of his two trial counsel had previously represented John Young. Although counsel represented Young in a 2004 drug possession case, CR-04-460082-A, ten years before his trial, Malone claims

counsel's conflict of interest deprived him of a fair trial. He attached as new evidence the docket in the 2004 case and an entry issued by the trial court appointing counsel to represent Young. Malone claims that the discovery of this new evidence warrants a new trial.

{¶ 6} Malone also claims a new trial is necessary because his codefendant Holloway was found incompetent in a 2010 case, CR-10-541700-A. He argues that this information could have been used "to impeach or cross-examine the statements made by Mr. Holloway." He attaches to his motion for leave a journal entry dated October 26, 2010, which shows that Holloway was charged with several weapons offenses and the trial court ordered him to report to "Northcoast Behavioral Healthcare Systems-Cleveland Campus-Court Evaluation Unit (NBHS-CC) for treatment and competence restoration."

{¶ 7} As for the nine-year delay in the discovery of the new evidence, Malone offered his own affidavit, which states merely that "[i]n 2023, I learned that [my lawyer] had previously represented Mr. Young" and that "[i]n 2023, I also learned that Darnell Holloway has serious mental health issues." There is no further averment regarding the circumstances leading to the 2023 discovery of the alleged new evidence.

{¶ 8} The trial court issued a journal entry denying Malone's motion for leave to file a motion for a new trial and an opinion setting forth its reasons for denying the motion for leave and the motion for a new trial. Regarding Holloway's incompetence, the trial court found that Malone failed to demonstrate he could not

have discovered this evidence in the exercise of due diligence. The trial court also noted Holloway was found to have been restored to competency on June 6, 2011, and concluded Malone failed to demonstrate that there is a strong probability that this new evidence would have changed the outcome of the trial. Regarding his claim that his trial counsel had a conflict of interest in representing him at trial, the trial court found the alleged new evidence does not establish a "current conflict" between counsel's representation of Young and Malone. The trial court also noted that the alleged conflict of interest was "a matter of public record available on the docket" and he could have discovered this evidence in the exercise of due diligence.

{¶ 9} Malone now appeals, presenting the following two assignments for our review:

I. The trial court erred by failing to hold a hearing on the defendant-appellant's motion for leave to file motion for new trial.

II. The trial court erred by failing to grant the appellant's motion for leave to file motion for new trial and motion for new trial.

{¶ 10} The two assignments of error are related, and we address them jointly.

**Motion for Leave to File a Motion for a New Trial**

{¶ 11} R.C. 2945.79 allows a defendant to file a motion for a new trial based on a claim that his substantial rights are materially affected by certain circumstances. One such circumstance is when "new evidence is discovered material to the defendant, which he could not with reasonable diligence have discovered and

produced at the trial." R.C. 2945.79(F). Similarly, Crim.R. 33(A)(6) permits a defendant to file a motion for a new trial upon grounds that new evidence material to the defense has been discovered that the defendant could not with reasonable diligence have discovered and produced at trial. However, when a motion for a new trial is made on grounds of newly discovered evidence, the motion must be filed within 120 days after a verdict. Crim.R. 33(B). If a defendant files a motion for a new trial after the expiration of that time, the defendant must first seek leave of the trial court to file a delayed motion for a new trial. *State v. Hale*, 2019-Ohio-1890, ¶ 9 (8th Dist.). This is because "[a]llowing a defendant to drag the process out while the evidence and the recollections of witnesses become increasingly stale defies the very purpose of the criminal rules." *State v. McConnell*, 2011-Ohio-5555, ¶ 18 (2d Dist.).

{¶ 12} To obtain leave to file a delayed new-trial motion, a defendant must demonstrate "by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial[.]" Crim.R. 33(B). "When a defendant seeks leave to file a motion for a new trial under Crim.R. 33(B), the trial court may not consider the merits of the proposed motion for a new trial until after it grants the motion for leave." *State v. Hatton*, 2022-Ohio-3991, ¶ 30, citing *State v. Bethel*, 2022-Ohio-783, ¶ 41, citing *State v. Brown*, 2011-Ohio-1080, ¶ 14 (8th Dist.). "The sole question before the trial court when considering whether to grant leave is whether the defendant has established by clear and convincing proof that he

was unavoidably prevented from discovering the evidence on which he seeks to base the motion for a new trial." *Id.*[1]

{¶ 13} "A party is 'unavoidably prevented' from discovering evidence if the party had no knowledge of the existence of the grounds supporting the motion and could not have learned of that existence in the exercise of reasonable diligence within the time prescribed by the rule." *State v. Gray*, 2019-Ohio-1638, ¶ 11 (8th Dist.). The trial court here denied Malone's motion for leave to file a delayed motion for a new trial. "A trial court's ruling on a motion for leave to move for a new trial is reviewed for an abuse of discretion." *State v. McNeal*, 2022-Ohio-2703, ¶ 13, citing *State v. Hawkins*, 66 Ohio St.3d 339, 350 (1993).

{¶ 14} The evidence Malone claims to be newly discovered consists of a journal entry appointing one of his trial counsel for Young in a 2004 case and the docket of that case, as well as a 2010 journal entry ordering Holloway to report to Northcoast for treatment and competence restoration. "A court's docket is public record." *State v. Johnson*, 2022-Ohio-78, ¶ 24 (8th Dist.), citing *Thomas v. ARM Food, Inc.*, 2003-Ohio-6925, ¶ 9 (8th Dist.). "[C]ourt records are matters of public record." *State v. Stoutamire*, 2009-Ohio-6228, ¶ 37 (11th Dist.). "[I]f something is stored within the public record, a defendant cannot be unavoidably prevented from discovering it." *Johnson* at ¶ 24, citing *State v. Roberts*, 2011-Ohio-2534, ¶ 19 (8th

---

[1] The trial court here simultaneously issued a journal entry denying Malone's motion for leave to file a motion for a new trial and an opinion denying his motion for a new trial. The latter is premature, and accordingly, we do not address it on appeal.

Dist.). *See also State v. G.F.*, 2019-Ohio-3673, ¶ 26 (10th Dist.) (court records are public records freely available to a defendant).

{¶ 15} We recognize that Malone is incarcerated, and we acknowledge the logistical difficulties for inmates in investigating and obtaining legal representation. *State v. Miller*, 2022-Ohio-378, ¶ 5 (8th Dist.). However, Malone does not attest to the circumstances relating to his late discovery other than the fact that he discovered the new evidence in 2023. This court has held that the clear and convincing standard requires "'more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial.'" *State v. Walter*, 2018-Ohio-4415, ¶ 21 (8th Dist.), quoting *State v. Covender*, 2012-Ohio-6105, ¶ 14 (9th Dist.). "The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner." *State v. Rodriguez-Baron*, 2012-Ohio-5360, ¶ 11 (7th Dist.), citing *State v. Fortson*, 2003-Ohio-5387 (8th Dist.).

{¶ 16} Malone's affidavit does not even allege that he was unavoidably prevented from discovering the new evidence. He merely alleges that "[i]n 2023, I learned that [my lawyer] had previously represented Mr. Young . . ." and that "[i]n 2023, I also learned that Darnell Holloway has serious mental heath issues . . . ." The court has found that a vague statement in appellant's affidavit that he just discovered the new evidence "without clarification as to how appellant obtained the evidence" is insufficient to show by clear and convincing evidence that he was

unavoidably prevented from timely filing a motion for a new trial. *State v. Armengau*, 2017-Ohio-197, ¶ 14 (10th Dist.).

{¶ 17} Furthermore, the court documents Malone claims to be new evidence have been part of the public record since 2004 and 2010, respectively. When "there has been a significant delay, the trial court must determine whether the delay was reasonable under the circumstances or whether the defendant has adequately explained the reason for the delay." *State v. Gray*, 2010-Ohio-11, ¶ 18 (8th Dist.). Despite the significant delay, Malone's affidavit offered no explanations for his efforts to uncover favorable evidence, the circumstances he discovered the new evidence, or the reasons for the nine-year delay. Because he has failed to demonstrate that he exercised due diligence to uncover the documents that have been in existence for years even before his conviction, we do not find an abuse of discretion by the trial court in denying the instant motion for leave. *See State v. Brown*, 2011-Ohio-1080, ¶ 17 (8th Dist.) (where a 2003 docket entry referring the victim to the court psychiatric clinic was made part of the public record and was available to the defendant at the time of his 2008 trial, the defendant failed to demonstrate that he exercised reasonable diligence to uncover the evidence between his conviction and the motion for leave).[2]

---

[2] Malone cites *State v. Minifee*, 2024-Ohio-64 (8th Dist.), in support of his contention that there is no time frame in which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence. *Minifee* is irrelevant to this case. That case concerns the delay between discovering the new evidence and filing of the motion for

**Hearing**

{¶ 18} Malone also argues that the trial court should have held an evidentiary hearing "to determine the veracity of the statements contained in the Appellant's affidavit regarding the due diligence to find the newly discovered and exculpatory evidence." Crim.R. 33 does not require a hearing on a motion seeking leave to file a delayed motion for a new trial. The decision to conduct a hearing on such a motion lies within the sound discretion of the trial court, and it may not be disturbed on appeal absent an abuse of the discretion. *E.g.*, *State v. Hill*, 2020-Ohio-102, ¶ 49 (8th Dist.).

{¶ 19} Malone's counsel claims in the motion for leave that Malone was unavoidably prevented from discovering the evidence within 120 days of the verdict because he has been incarcerated and did not have adequate access to the internet to research the court docket. A defendant is only entitled to an evidentiary hearing on a motion for leave if he submits documents that "on their face support the claim of being unavoidably prevented from timely discovering the new evidence." *State v. McAlpin*, 2023-Ohio-4794, ¶ 29 (8th Dist.); *State v. Dues*, 2017-Ohio-6983, ¶ 12

---

leave to file a delayed motion for a new trial. This court, citing *State v. Bethel*, 2022-Ohio-783, ¶ 55 (rejecting the notion that it was within the trial court's discretion to deny appellant's motion for leave based on his failure to file the motion within a reasonable time *after* discovering the new evidence), reversed the trial court's decision denying Minifee's motion for leave based on the unreasonable delay in filing the motion *after* discovering the new evidence. *Id.* at ¶ 10-11. *Minifee* is inapposite because the delay in this case concerns the lapse of time between his 2014 conviction and 2023 motion for leave.

(8th Dist.); *State v. McConnell*, 2007-Ohio-1181, ¶ 19 (2d Dist.); and *State v. Ambartsoumov*, 2013-Ohio-3011, ¶ 13 (10th Dist.). The only document submitted relating to the issue of delay is Malone's affidavit, which merely states that he discovered the court documents at issue in 2023.

{¶ 20} When discussing whether a hearing was required for an untimely petition for postconviction relief in a recent decision, the Supreme Court of Ohio rejected appellant's contention that questions concerning his efforts to discover new evidence should be explored at a hearing, reasoning that "[i]f testimony can be elicited at a hearing, it can be attested to in an affidavit." *State v. Johnson*, 2024-Ohio-134, ¶ 26. Malone's affidavit attested to nothing regarding how he was unavoidably prevented from a timely discovery of new evidence other than the year of the discovery. He fails to carry his burden of submitting documents that on their face support his claim of being unavoidably prevented from discovering the new evidence. Accordingly, the trial court did not abuse its discretion in denying Malone's motion for leave without a hearing.

{¶ 21} For all the foregoing reasons, we overrule Malone's first and second assignments of error and affirm the trial court's judgment.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
ANITA LASTER MAYS, J., CONCUR