[Cite as *State v. Bulger*, 2025-Ohio-4348.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                  Court of Appeals No.  S-24-025

    Appellee                              Trial Court No.  18 CR 1232

v.

Michael C. Bulger                          **DECISION AND JUDGMENT**

    Appellant                             Decided: September 16, 2025

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, for appellee.

Michael C. Bulger, pro se.

* * * *

**DUHART, J.**

{¶ 1} This is an appeal by appellant, Michael Bulger, from the September 27, 2024 judgment of the Sandusky County Court of Common Pleas denying Bulger's motion to withdraw plea.  For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} Bulger sets forth four assignments of error:

1. The trial court abused its discretion when it denied appellant[']s motion to vacate his no contest plea[.]

2. The trial court violated appellant[']s due process[.]

3. The trial court accepted a constitutionally invalid plea[.]

4. The trial court failed to substantially comply with the non[]constitutional rights of appellant[.]

## Background

{¶ 3} On December 13, 2018, Bulger was indicted on six counts of rape, six counts of sexual battery and five counts of gross sexual imposition of two minors.

{¶ 4} On June 3, 2019, Bulger entered no contest pleas to one count of attempted rape, a second-degree felony, and one count of rape, a first-degree felony. The remaining counts of the indictment were dismissed. Bulger was sentenced to eight years in prison for the attempted rape count and 11 years in prison for the rape count, with the sentences to be served consecutively, for a total prison term of 19 years. The trial court also ordered that the prison term was mandatory - "19 years means 19 years." A timely appeal was not taken.

{¶ 5} On October 4, 2019, Bulger filed a pro se motion for a delayed appeal. This court denied Bulger's motion. *See State v. Bulger*, No. S-19-043 (6th Dist. Oct. 31, 2019). Then, on January 23, 2020, Bulger, through appointed counsel (who was not the same attorney who represented Bulger in the trial court), filed a second motion for delayed appeal. This court granted that motion. *See State v. Bulger*, No. S-20-009 (6th Dist. Mar. 10, 2020). On appeal, Bulger's appointed appellate counsel argued only that

2.

Bulger's sentence was excessive and contrary to law. *See State v. Bulger*, 2020-Ohio-4602, ¶ 7 (6th Dist.). This court affirmed the trial court's judgment. *Id.* at ¶ 17-18.

{¶ 6} On September 10, 2024, Bulger filed a motion to withdraw plea[1] in the trial court. The State filed a response. On September 27, 2024, the trial court denied Bulger's motion. Bulger appealed this ruling.

### First, Third and Fourth Assignments of Error

{¶ 7} These assigned errors directly relate to Bulger's plea and will therefore be addressed together.

{¶ 8} In his first assignment of error, Bulger argues the trial court abused its discretion when it denied his motion to vacate his no contest plea without holding a hearing. In his second assignment, Bulger asserts the trial court accepted a constitutionally invalid plea because the court failed to inform him of certain constitutional rights. In his fourth assignment, Bulger contends the trial court failed to substantially comply with nonconstitutional rights, "specifically, as to the punitive nature of his plea provided in Crim.R.11(C)(2)(a)."

### Law and Analysis

{¶ 9} "'When presented with a motion to withdraw a . . . plea, [trial courts and appellate courts] should consider first whether the claims raised in that motion are barred

---

[1] While we recognize that Bulger entered no contest pleas to two offenses, for purposes of this opinion, we will refer to the singular "plea," as Bulger did.

3.

by res judicata.' *State v. Reynolds*, . . . 2002-Ohio-2823, . . . ¶ 27 [(3d Dist.)]." *State v. Davis*, 2020-Ohio-4539, ¶ 25 (6th Dist.).

{¶ 10} Pursuant to the doctrine of res judicata, a final judgment of conviction bars a defendant, who was represented by counsel, "from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 11} Thus, the doctrine of res judicata bars a defendant from raising issues in a post-sentence motion to withdraw plea which could have been raised on direct appeal. *State v. Boyd*, 2020-Ohio-6866, ¶ 6 (6th Dist.), citing *State v. Straley*, 2019-Ohio-5206, ¶ 15, citing *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. In fact, a "court has no authority to consider whether to deny a motion to withdraw a plea when a judgment in question has been decided and is final." *Davis* at ¶ 23, citing *State v. Caston*, 2012-Ohio-5260, ¶ 10 (6th Dist.).

{¶ 12} Upon review, Bulger filed a direct appeal in which he could have challenged his no contest plea and raised the issues he now asserts in his motion to withdraw plea, but he failed to do so. Therefore, we find that the issues advanced by Bulger regarding the validity of his plea are barred by res judicata. Accordingly, we find Bulger's first, third and fourth assignments of error not well-taken.

4.

## Second Assignment of Error

{¶ 13} Bulger argues the trial court violated his right to due process because he had the right to be represented by counsel in his direct appeal. Bulger contends "the trial court remained silent after sentencing, did not offer, or even inquire into appellate counsel for [Bulger], [which] is Prima Facia evidence that i[t] was known both to the court and court appointed trial counsel, that . . . counsel had already confer[r]ed with appellant, that he was filing his direct appeal." Bulger asserts that he was forced to file a pro se motion for delayed appeal, which was denied, "prejudice attached, and his Constitutional rights were violated." Bulger submits that he "was given counsel more than 3 months after his failed motion for delayed appeal, [which] is more proof that the trial court and existing appointed counsel . . . provided him with Constitutionally ineffective assistance of counsel." Bulger argues that the right to counsel includes the right to effective counsel, and that his counsel performed deficiently in failing to file a notice of appeal, despite Bulger's express instruction.

## Law and Analysis

{¶ 14} The doctrine of res judicata precludes a defendant from raising, in a post-sentence motion to withdraw plea, a claim of ineffective assistance of counsel which could have been raised on direct appeal. *State v. Adams*, 2014-Ohio-4110, ¶ 9 (6th Dist.). Further, as set forth above, the doctrine of res judicata "bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment . . . any claimed lack of due process that was raised or could

5.

have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *Perry*, 10 Ohio St.2d 175, at paragraph nine of the syllabus. *See also State v. Roberts*, 2011-Ohio-2534, ¶ 9 (8th Dist.) and *State v. Turner*, 2004-Ohio-1545, ¶ 108 (7th Dist.) ("[T]he issue of whether the delay in the appeal violated an appellant's due process right is a cognizable claim on direct appeal.").

{¶ 15} Upon review, Bulger argues that his right to due process was denied and he was denied the effective assistance of counsel because the trial court did not mention appointing appellate counsel at his sentencing hearing, and his appointed trial counsel did not file a timely appeal on his behalf. Based on the record and the applicable law, we find that Bulger's claim of ineffective assistance of trial counsel for not filing a notice of appeal was not raised in his direct appeal, although it could have been. We therefore find that res judicata precludes Bulger from raising this claim in his post-sentence motion to withdraw plea. With respect to Bulger's claim that his due process rights were violated, we find this claim is also barred by res judicata. Notwithstanding, since Bulger was, in fact, eventually granted a direct appeal and represented by counsel in that appeal, there was no due process violation. *Roberts* at ¶ 9-12. Accordingly, we find Bulger's second assignment of error not well-taken.

{¶ 16} Having determined that the issues set forth in Bulger's post-sentence motion to withdraw plea are barred by res judicata, we conclude that the trial court did not err in denying Bulger's motion to withdraw plea.

6.

**{¶ 17}** The September 27, 2024 judgment of the Sandusky County Court of Common Pleas is affirmed. Bulger is ordered to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Myron C. Duhart, J.

Charles E. Sulek, P.J.
CONCUR.

JUDGE

JUDGE

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.