JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Terrance Walter, filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v.Walter, Cuyahoga App. No. 90196, 2008-Ohio-3457. In that opinion, we affirmed defendant's convictions for aggravated murder and felonious assault but reversed the convictions for aggravated burglary. The State did not file a brief in opposition to the application for reopening. For the below stated reasons, we decline to reopen Walter's original appeal.
 {¶ 2} To establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that *Page 3 
deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011,110 S.Ct. 3258.
 {¶ 3} In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065.
 {¶ 4} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Id. *Page 4 
 {¶ 5} In his first assignment of error, Walter argues that he was denied effective assistance of appellate counsel when appellate counsel failed to raise ineffective assistance of trial counsel for failing to elicit identification testimony from the only eyewitness during cross-examination in order to demonstrate that Walter did not match the description given by the witness. A review of the record indicates that the witness was the victim's son who witnessed the killing of his father.
 {¶ 6} The scope of cross-examination is a matter of trial strategy and such debatable trial tactics do not establish ineffective assistance of counsel. State v. Campbell, 90 Ohio St.3d 320, 2000-Ohio-183,738 N.E.2d 1178; State v. Otte, 74 Ohio St.3d 555, 1996-Ohio-108, 660 N.E.2d 711. After reviewing the record it appears that counsel's decision not to question the witness aggressively was a matter of strategy. Accordingly, such decision does not constitute ineffective assistance of counsel. Consequently, appellate counsel's decision not to raise this issue does not rise to the level of ineffective assistance of appellate counsel.
 {¶ 7} In his second assignment of error, Walter argues that his conviction was against the manifest weight of the evidence. In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury *Page 5 
clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Leonard, 104 Ohio St.3d 50, 2004-Ohio-5991, 818 N.E.2d 226.
 {¶ 8} Upon our review of the record, we find that there was substantial evidence upon which the jury could reasonably conclude that all the elements of the offenses and the specifications were proven beyond a reasonable doubt. Further, this court cannot say that the jury clearly lost its way or created a manifest miscarriage of justice by finding appellant guilty of aggravated murder and felonious assault.
 {¶ 9} Walter's third and fourth assignments of error are interrelated, so we will address them together. In these proposed assignments of error, Walter argues that the prosecutor's misconduct denied him due process and a fair trial when he failed to disclose witnesses before trial; and that trial counsel was ineffective for not renewing his objection to the court's allowing these witnesses to testify.
 {¶ 10} The conduct of a prosecuting attorney during the course of a trial cannot be made a ground for error unless the conduct deprived the defendant of a fair trial. State v. Papp (1978), 64 Ohio App.2d 203,412 N.E.2d 401. After reviewing the entire record, we cannot find that Walter was deprived of a fair trial. Walter further argues that the court abused its discretion by allowing the State to call witnesses who were not provided to the defense prior to trial. Initially, we disagree with Walter's characterization of the facts. According to the transcript, the names of the witnesses *Page 6 
were provided; however, the addresses and phone numbers were either incorrect or missing.
 {¶ 11} "Crim R. 16(E)(3) vests the trial court with discretion in determining the sanction to be imposed for the state's nondisclosure of discoverable material; the court is not bound to exclude such material, but may do so at its option." State v. Parson (1983), 6 Ohio St.3d 442,445, 453 N.E.2d 689. Accordingly, our inquiry centers around whether the court abused its discretion. State v. Weind (1977), 50 Ohio St.2d 224,364 N.E.2d 224; State v. Edwards (1976), 49 Ohio St.2d 31,358 N.E.2d 1051.
 {¶ 12} When this issue was brought to the court's attention, the prosecuting attorney acknowledged that the addresses may have been incorrect, but they were the only addresses he possessed. Additionally, the State was willing to assist the defense if they wanted to speak to the witnesses. We find that the State's failure to disclose correct addresses was not wilful, and the offer of assistance from the State was sufficient to mitigate the discovery failure. Therefore, we cannot say that the trial court abused its discretion by allowing these witnesses to testify.[1] Consequently, counsel's failure to renew the motion is not ineffective assistance.
 {¶ 13} Accordingly, we deny the application to reopen. *Page 7 
COLLEEN CONWAY COONEY, A.J., and JAMES J. SWEENEY, J., CONCUR
[1] The defense made a motion to exclude the following persons from testifying: Duane Jones; Maceo Belt; Douglas Harris; Rodney Harris; Ari Allen; Brian Coleman; Christopher Ficklin; Nashall Sims; and Samuel Sims, III. A review of the record indicates that of those individuals, only Nashall Sims and Samuel Sims III actually testified against the accused. *Page 1