[Cite as *Walter v. State*, 2013-Ohio-3621.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 100089

# TERRANCE WALTER

RELATOR

vs.

# STATE OF OHIO

RESPONDENT

## JUDGMENT:
### WRIT DENIED

Writ of Procedendo
Motion No. 467069
Order No.   466530

**RELEASE DATE:**  August 16, 2013

**FOR RELATOR**

Terrance J. Walter, pro se
Inmate #531-346
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH 44430


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} Terrance Walter, relator, has petitioned this court to issue a writ of procedendo to compel the trial court to rule on his Civ.R. 60(B) motion filed in *Walter v. State*, Cuyahoga C.P. No. CR-485250-A. Respondent has filed a motion for summary judgment. For the reasons that follow, we grant respondent's motion for summary judgment and deny relator's writ of procedendo because it is procedurally defective and moot.

{¶2} In *State ex rel. Simms v. Sutula*, 81 Ohio St.3d 110, 111, 689 N.E.2d 564 (1988), the Supreme Court of Ohio affirmed the appellate court's dismissal of a writ action by holding: "original actions for extraordinary relief, e.g., a writ of procedendo, must be commenced by filing a complaint or petition rather than a motion"; *see also State ex rel. Foster v. Buchanan*, 8th Dist. Cuyahoga No. 85962, 2006-Ohio-2061 (dismissing relator's motion for a writ of mandamus as procedurally defective).

{¶3} Relator did not properly designate the original action by using the name of the state on the relation of the person applying, and he did not include the address of the parties as required by Civ.R. 10(A). The failure to caption an original action properly constitutes sufficient grounds for dismissing the complaint. *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766; *Barry v. Galvin*, 8th Dist. Cuyahoga No. 85990, 2005-Ohio-2324, ¶ 2, citing *Allen v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶4} Relator has further failed to comply with Loc.App.R. 45(B)(1)(a) and R.C. 2969.25 by failing to file a verified complaint with an affidavit in support and an affidavit detailing his prior civil filings. The Supreme Court has held, "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Noncompliance with R.C. 2969.25 warrants dismissal. *State ex rel. Graham v. Niemeyer*, 106 Ohio St.3d 466, 466-467, 2005-Ohio-5522, 835 N.E.2d 1250. It is well settled that a relator's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of procedendo. *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242; *State ex rel. Davis v. Gaul*, 8th Dist. Cuyahoga No. 87884, 2006-Ohio-2299, ¶ 2 ("Davis's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of procedendo.").

{¶5} Relator also failed to name a proper respondent. He has named the state of Ohio that has no duty or authority to rule on relator's motion. *State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 506, 756 N.E.2d 1228 (2001); *see also Thompson v. State*, 8th Dist. Cuyahoga No. 99265, 2013-Ohio-1907, ¶ 10; *State v. Lindsay*, 5th Dist. Richland No. 13-CA-8, 2013-Ohio-2972, ¶ 6.

{¶6} Finally, attached to respondent's motion for summary judgment is a copy of the court's entry journalized on July 26, 2013, which demonstrates that a ruling has been rendered with regard to relator's motion for relief from judgment filed June 6, 2011, and

his motion to remove court costs and fines filed July 14, 2011. "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment." *State ex rel. Huffman v. Ambrose*, 8th Dist. Cuyahoga No. 95546, 2010-Ohio-5376, ¶ 5, citing *Yee v. Erie Cty. Sheriff"s Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Because the trial court has proceeded to judgment on relator's motion, the writ is moot. *Id.* at ¶ 6.

{¶7} Accordingly, we grant respondent's motion for summary judgment and deny relator's writ of procedendo. Relator to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Writ denied.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR