[Cite as *State v. Walter*, 2018-Ohio-4415.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   106984

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TERRANCE J. WALTER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-485250-A

**BEFORE:**   Boyle, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   November 1, 2018

**FOR APPELLANT**

Terrance J. Walter, pro se
Inmate No. A531346
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Katherine Mullin
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY J. BOYLE, J.:

{¶1}    Defendant-appellant, Terrance Walter, appeals the trial court's denial of his motion for leave to file a motion for new trial.   He raises four assignments of error for our review:

> 1. The trial court abused its discretion and committed error when it failed to hold a hearing to determine whether there is clear and convincing evidence of unavoidable delay.

> 2. The trial court abused its discretion when it vacated its decision granting the motion for leave based on the State' s opposition brief where it was untimely and outside the time frame given by the trial court to file a brief in opposition to the motion for leave, and the trial court acknowledged no opposition motion was file[d] in its decision granting the motion for leave.

> 3. The trial court abused its discretion by denying the motion for leave where the defendant-appellant provided clear and convincing evidence that he was unavoidably delayed from discovering the grounds of the conflict.

> 4. Trial counsel * * * labored under a conflict of interest when he represented the defendant-appellant Walter due to * * * conduct representing co-defendant and

cooperating witness Antonio Campbell in a prior related case which led to the instant murder charges.

{¶2} Finding no merit to his appeal, we affirm.

**I. Procedural History and Factual Background**

{¶3} Walter and his codefendant Antonio Campbell were indicted in 2006 in connection with the murder of Samuel Sims, Jr. The four-count indictment charged the men with one count of aggravated murder, two counts of aggravated burglary, and one count of felonious assault. All the counts contained three- and six-year firearm specifications.

{¶4} Campbell pleaded guilty and testified against Walter at Walter's jury trial. The jury found Walter guilty of all counts and specifications. The trial court sentenced Walter to life imprisonment without the possibility of parole for 20 years on the aggravated murder charge, plus six years for the firearm specifications to be served consecutively; a concurrent term of five years for the aggravated burglary counts; and a consecutive term of eight years for the felonious assault count. Thus, Walter was sentenced to an aggregate 34 years to life in prison.

{¶5} This court upheld Walter's aggravated murder and felonious assault convictions on direct appeal, but we vacated Walter's aggravated burglary convictions. *State v. Walter*, 8th Dist. Cuyahoga No. 90196, 2008-Ohio-3457 (see that opinion for a review of the detailed facts of the case). Upon remand, the trial court vacated the convictions and sentences for the two aggravated burglary counts. Walter appealed our decision to the Ohio Supreme Court, which declined to accept his appeal. *State v. Walter*, 120 Ohio St.3d 1454, 2008-Ohio-6813, 898 N.E.2d 968.

{¶6} Walter later applied to reopen his appeal, arguing that his appellate counsel was ineffective, which we denied. *State v. Walter*, 8th Dist. Cuyahoga No. 90196, 2009-Ohio-954.

He also filed a writ of procedendo, asking this court to order the trial court to "render a ruling with regard to a motion to remove court costs/fines," which we declined to issue. *Walter v. State*, 8th Dist. Cuyahoga No. 100091, 2013-Ohio-4198.

{¶7} Further, in 2009, Walter filed a motion for leave to file a motion for new trial, arguing that his codefendant was the shooter. Walter attached an affidavit from the codefendant recanting his trial testimony that Walter was the shooter and stating that he was the shooter. The trial court granted Walter leave to file the motion and set the matter for an evidentiary hearing. After the hearing, which was held in October 2010, the trial court denied his motion. Walter appealed this denial, but we dismissed his appeal for failure to file the record. *See State v. Walter*, 8th Dist. Cuyahoga No. 96136.

{¶8} In December 2010, Walter filed an "order to cease and desist," asking the court to order the court reporter who transcribed the hearing on his motion for new trial to provide him with a copy of the transcript at no cost. The trial court denied this motion, and Walter appealed. This court dismissed the appeal for failure to file a record. *See State v. Walter*, 8th Dist. Cuyahoga No. 96400.

{¶9} In 2011, Walter filed a motion for relief from judgment under Civ.R. 60(B), which the trial court denied.

{¶10} In 2013, Walter filed a petition for postconviction relief, which the trial court denied. He claimed that "had he been afforded effective assistance of counsel during plea negotiations, he would have accepted a plea offer from the state that included a recommendation for a less stringent sentence than he received." The state opposed Walter's motion, asserting that the transcript established that Walter refused to engage in plea negotiations. The trial court

denied his petition, and this court affirmed the trial court's denial. *State v. Walter*, 8th Dist. Cuyahoga No. 99894, 2014-Ohio-393.

{¶11} Walter subsequently filed a request to inspect the jury's findings and verdict forms and motion to issue a final appealable order. The trial court denied his request to inspect the jury findings and verdict forms but granted his motion for a final appealable order pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The trial court issued a nunc pro tunc judgment entry in line with *Baker*. Walter appealed the trial court's granting his motion for a final appealable order, arguing that the trial court should have sentenced him de novo rather than just issue a nunc pro tunc entry in line with *Baker*. He also argued that he was entitled to a new trial due to "prejudicial spillover of evidence" into his trial from the burglary convictions (that we vacated in his direct appeal). This court overruled his assigned errors and affirmed the judgment of the trial court. *State v. Walter*, 8th Dist. Cuyahoga No. 104443, 2017-Ohio-466.

{¶12} In November 2017, Walter moved for leave to file a motion for new trial, the motion that is at issue in the present appeal. He filed a motion for new trial that same day, which the trial court ordered to be held in abeyance until it decided his motion for leave.

{¶13} The court issued an order giving the state until December 8, 2017, to respond to Walter's motion for leave.

{¶14} On January 5, 2018, the state requested leave to file an opposition brief to Walter's motion for leave, stating that according to its electronic database, it had not received Walter's motion (although it had apparently received the court's order giving it until December 8 to respond to Walter's motion for new trial). The state filed its brief in opposition on January 8, 2018.

**{¶15}** The trial court initially granted Walter leave to file a motion for new trial, but then issued a judgment on March 2, 2018, explaining that its initial order was improvidently granted. The court then vacated its earlier ruling and denied Walter's motion. It is from this judgment that Walter now appeals.

## II. Motion for Leave Under Crim.R. 33(B)

**{¶16}** In his second and third assignments of error, Walter argues that the trial court abused its discretion when it denied his motion for leave. In his first assignment of error, he maintains that the trial court abused its discretion when it denied his motion to leave without an evidentiary hearing. We will address these assignments of error together as they are interrelated.

**{¶17}** We review a Crim.R. 33(B) motion under an abuse of discretion standard. *State v. Pinkerman*, 88 Ohio App.3d 158, 160, 623 N.E.2d 643 (4th Dist.1993); *State v. Shakoor,* 7th Dist. Mahoning No. 10 MA 64, 2010-Ohio-6386, ¶ 17. The same is true regarding a trial court's decision to hold an evidentiary hearing on the motion. *State v. Zielinski*, 12th Dist. Warren No. CA2014-05-069, 2014-Ohio-5318, ¶ 16. Therefore, unless we find that the trial court's attitude was unreasonable, arbitrary, or unconscionable, we must affirm the court's decision. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶18}** Under Crim.R. 33(A), a defendant may file a motion for new trial for any of the following causes materially affecting his substantial rights:

> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
>
> (3) Accident or surprise which ordinary prudence could not have guarded against;

(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

(5) Error of law occurring at the trial;

(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶19} Walter based his motion on Crim.R. 33(A)(1) and (5). When a defendant bases his or her motion on these grounds, Crim.R. 33(B) requires the defendant to file the motion for new trial within 14 days after the verdict was rendered "unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial" within that time. Once a court determines that a defendant was unavoidably prevented from filing such motion within the time provided in Crim.R. 33(B), then a defendant has seven days to file his or her motion for new trial.

{¶20} Thus, Walter had to establish by "clear and convincing proof" that he was unavoidably prevented from timely filing his motion. Crim.R. 33(B). Unavoidable delay results "when the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence." *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶ 11, citing *State v. Walden*, 19 Ohio App.3d 141, 483 N.E.2d 859 (10th Dist.1984).

**{¶21}** "Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce as support for a new trial." *State v. Covender*, 9th Dist. Lorain No. 11CA010093, 2012-Ohio-6105, ¶ 14; *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999). "The requirement of clear and convincing evidence puts the burden on the defendant to *prove* he was unavoidably prevented from discovering the evidence in a timely manner." (Emphasis added.) *Rodriguez-Baron* at ¶ 11, citing *State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387.

**{¶22}** According to Walter's affidavit attached to his motion for leave, he wrote letters to the Cuyahoga County Clerk of Courts in 2008, 2009, and 2010, requesting any "journal entries of Antonio Campbell." The clerk of courts never responded to his requests. He also asked the attorney who represented him in his previous motion for new trial to get them, but that attorney told him that he only represented him in a limited manner. In October 2013, however, Walter's uncle gave him two Cuyahoga County Common Pleas Court journal entries purportedly showing that Walter's trial counsel had previously represented Walter's codefendant, Antonio Campbell, in two separate cases in 2004. Although Walter obtained the entries in October 2013, he waited over four years to file his motion for leave to file a motion for new trial (in November 2017). Walter does set forth why he was "unavoidably prevented" from obtaining the documents in 2008 to 2010, but he offers no explanation as to why he waited over four years to file his motion after obtaining the documents. Thus, Walter has not clearly and convincingly proven that he was unavoidably prevented from filing his motion in a timely manner.

**{¶23}** In *State v. Stansberry*, 8th Dist. Cuyahoga No. 71004, 1997 Ohio App. LEXIS 4561 (Oct. 9, 1997), this court explained:

Without some standard of reasonableness in filing a motion for leave to file a motion for new trial, a defendant could wait before filing his motion in the hope that witnesses would be unavailable or no longer remember the events clearly, if at all, or that evidence might disappear. The burden to the state to retry the case might be too great with the passage of time. A defendant may not bide his time in the hope of receiving a new trial at which most of the evidence against him is no longer available.

A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay. That determination is subject to a review by an abuse of discretion standard.

*Id.* at 9.

{¶24} In *Stansberry*, this court affirmed the trial court's ruling denying the defendant's motion for leave because, although most of the evidence upon which the defendant relied was available to him either in 1984 or by 1993, his motion was not filed until 1996. *Id*. at 8. Similarly, in *State v. Nicholson*, 8th Dist. Cuyahoga No. 70916, 1997 Ohio App. LEXIS 1751 (May 1, 1997), this court reversed the grant of a new trial due, in part, to the delay of the defendant in filing his motion four years after discovering his evidence. *Id*. at 12; *see also State v. Newell*, 8th Dist. Cuyahoga No. 84525, 2004-Ohio-6917, ¶ 20 (affirmed the trial court's denial of motion for leave because psychiatric reports at issue were available to the defendant in 1992 and 1998, but he did not file his motion for leave until 2003 and offered no reason for the delay).

{¶25} Walter also makes several arguments regarding the trial court's first order that initially granted his motion for leave but then later vacating that order because the trial court found that it had improvidently granted it. Walter further claims that the trial court should not have permitted the state to respond beyond the December 8, 2017 deadline given by the court. Although the procedural timeline of Walter's motion for leave is somewhat irregular (both

parties seemed to have issues receiving copies of the pleadings and orders), the trial court did not violate Walter's constitutional rights in any way. Moreover, it is well settled that trial courts have broad discretion over the control of their dockets. *See State v. Atkins*, 6th Dist. Sandusky No. S-95-005, 1995 Ohio App. LEXIS 5276, 2 (Dec. 1, 1995) (the reasons for continuances fall squarely within the discretion and authority of the trial court to manage and control its own docket). Accordingly, the trial court did not abuse its discretion when it accepted the state's late filing of its opposition brief.

{¶26} Regarding the trial court's denial of Walter's motion for leave without holding an evidentiary hearing (Walter's first assignment of error), we find no abuse of discretion. If a trial court can determine on the face of the motion that the movant has not demonstrated that he or she was unavoidably prevented from discovering the evidence, it is within the trial court's discretion to deny the motion without holding an evidentiary hearing. *See State v. Sutton*, 8th Dist. Cuyahoga No. 103931, 2016-Ohio-7612, ¶ 25; *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶19 (2d Dist.).

{¶27} Here, Walter did not set forth any reason in his motion for leave explaining why he waited over four years to file his motion after obtaining the pertinent documents. Thus, the trial court could determine from the face of Walter's motion for leave that he did not clearly and convincingly prove that he was unavoidably prevented from timely filing his motion. We therefore find that the trial court did not abuse its discretion when it denied Walter's motion without holding an evidentiary hearing.

{¶28} Accordingly, Walter's first, second, and third assignments of error are overruled.

**{¶29}** Walter's fourth assignment of error addresses the merits of his motion for new trial. Because we are upholding the trial court's judgment denying Walter's motion for leave to file a motion for new trial, we summarily overrule Walter's fourth assignment of error.

**{¶30}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR