[Cite as *State v. Cowan*, 2020-Ohio-666.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                      No. 108394

    v.                               :

CRAIG A. COWAN,                          :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 27, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-11-550536-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Craig A. Cowan, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Craig A. Cowan appeals from the judgment of the Cuyahoga County Common Pleas Court that denied his motion for leave to file a motion for a new trial. On appeal, he presents three assignments of error for our review:

I. The trial court abused its discretion when it failed to hold a hearing on Cowan's motion for leave to file a motion for new trial when the record and circumstances supported Cowan's claims that he was unavoidably prevented from discovering the new evidence in violation of the United States Constitution, the Constitution of the State of Ohio, *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) and *State v. Johnston*, 39 Ohio St.3d 48, 60, 529 N.E.2d 898 (1988).

II. The trial court abused its discretion when it failed to grant Cowan's motion for leave to file a motion for new trial or hold a hearing when Cowan established the state failed to disclose material exculpatory evidence in violation of his right to due process under the Ohio Constitution and the Constitution of the United States of America.

III. Alternatively, the trial court abused its discretion when it failed to grant Cowan's motion for leave to file a motion for new trial or hold a hearing when Cowan established the ineffective of counsel by failing to call as a witness and expert witness, evidence technician, lead crime scene investigator and member of Meel #806. Cowan did not get a fair trial and received [an] 18-year consecutive sentence.

After a review of the record and applicable law, we find no merit to the appeal and affirm the trial court's judgment.

**Procedural Background**

{¶ 2} In 2012, Cowan was convicted of felonious assault, discharge of a firearm on or near a prohibited premises, having weapons while under disability, and improperly handling firearms in a motor vehicle after a jury found him guilty of these offenses. This court affirmed his convictions in *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, *discretionary appeal not allowed*, 135 Ohio St.3d 1413, 2013-Ohio-1622, 986 N.E.2d 30.

**{¶ 3}** Since his direct appeal, Cowan has filed multiple appeals and original actions regarding his convictions, in *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2013-Ohio-1172 (application to reopen denied); *State v. Cowan*, 8th Dist. Cuyahoga No. 99566, 2013-Ohio-4475; *State v. Cowan*, 8th Dist. Cuyahoga No. 100741, 2014-Ohio-3593; *State v. Cowan*, 8th Dist. Cuyahoga No. 100741, 2015-Ohio-672 (application for reopening denied); *State v. Cowan*, 8th Dist. Cuyahoga No. 100741, 2015-Ohio-4271 (second application for reopening denied); *State v. Cowan*, 8th Dist. Cuyahoga No. 101995, 2015-Ohio-2271; *State v. Cowan*, 8th Dist. Cuyahoga No. 109938; *State v. Cowan*, 8th Dist. Cuyahoga No. 102938 (June 17, 2015); *State ex rel. Cowan v. Gallagher*, 8th Dist. Cuyahoga No. 103470, 2015-Ohio-5156, *aff'd, State ex rel. Cowan v. Gallagher*, 147 Ohio St.3d 416, 2016-Ohio-7430, 66 N.E.3d 728; *State v. Cowan*, 8th Dist. Cuyahoga No. 103855, 2016-Ohio-8045; *State ex rel. Cowan v. Gallagher*, 8th Dist. Cuyahoga No. 104666, 2017-Ohio-108, *aff'd, State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407; *State ex rel. Cowan v. Gallagher*, 8th Dist. Cuyahoga No. 104972, 2017-Ohio-471, *aff'd, State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407; and *State v. Cowan*, 8th Dist. Cuyahoga No. 106074, 2018-Ohio-1097.

**{¶ 4}** In his direct appeal, this court summarized the trial testimony as follows:

> Toni Walcott testified that on the afternoon of May 19, 2011, she, her brother Robert, her cousin Artemus Blandling, her aunt Kim Blandling, Robert's girlfriend Celena Glover, Celena's cousin Albert Glover, and Cowan were socializing and drinking. They first convened

at Cowan's home and then at Kim's home. At some point that evening, they decided to go to a bar on Miles Avenue.

They drove in two cars because they could not all fit in one. Celena drove Robert and Albert, and Cowan drove Toni, Artemus, and Kim. According to Toni, Cowan got into an argument with Kim causing Artemus to tell Cowan he did not like how he was talking to his mother. Cowan stopped the vehicle and reached under his seat, which caused them all to think he had a gun. Instead, he got out of the car, as did the others. He then pulled a gun out of the trunk and held it to Artemus's head. Toni was able to talk Cowan out of harming Artemus. Cowan then sat in the car and shot two times into the ground. He then left.

Toni called Celena, who came to pick up the stranded passengers. At that point, Toni told her brother that Cowan had her laptop at his house. She attempted to call Cowan to ask for permission to retrieve the computer, but Cowan hung up on her. Her brother then called him and told him they were on their way to pick up the computer.

Because of the earlier altercation with Artemus, Celena parked the car down the street, and Toni and Robert walked the rest of the way to Cowan's house. As they reached his house, Cowan jumped out from behind a tree with two guns drawn. According to Robert, Cowan ordered them to "lay it down," an expression used when robbing someone. Robert said Cowan was four to five feet away from him. He grabbed Cowan's hand and twisted it and at the same time the gun went off. Robert and Toni ran in different directions while Cowan continued to shoot at them. According to Celena, he also started shooting at her car, causing her to drive in reverse to get away. Celena later located Toni running in the street. Toni then used Celena's cell phone to call police.

Darrell Gunter lived next to Cowan. He stated that at around 10:30 p.m. he heard someone loudly say, "I'm going to get you mother f-er." He then heard gunshots. He looked out the window and saw a man wearing the same clothes the other witnesses had described Cowan wearing, firing a gun. He could not see who he was shooting at, but claimed he shot about three rounds. Gunter called 911.

Officer Vasile Nan testified that he and his partner received a call about shots being fired in the area of East 142nd and Kinsman Road. As they were canvassing the area to locate the vehicle described in that shooting, they received a call regarding a shooting at East 139th Street. As they approached the scene, they saw Toni waving her hands

frantically, crying, and yelling. She told them her brother had been shot down the road and gave Cowan's name as the shooter, a description of his car, and his address. Because the car matched the description of the car from the earlier shooting, the officer realized the shootings were related.

The officers proceeded to Cowan's house, which was a two-family duplex. The door of the downstairs unit was open. The residents living there verified that Cowan lived upstairs. The officers then went upstairs where they found Cowan's apartment door open but Cowan was not present.

The next morning, Officer Terrance Smith located Cowan's vehicle near Cowan's residence and notified his supervisor. When back-up arrived, two officers went upstairs to Cowan's apartment and knocked loudly and announced "police." They received no response; therefore, the SWAT unit was called. As the SWAT unit and Cleveland police set up a perimeter around the house, one of the SWAT officers who was standing near an abandoned house next to Cowan's house discovered two weapons near a tree, a 9 millimeter and a revolver.

A SWAT officer, using the PA system from the SWAT mobile, announced several times "Cleveland Police SWAT Unit" and requested that "Craig Cowan" come out. Cowan eventually exited the home on his own with his arms up. He kneeled on the driveway as directed and was handcuffed by SWAT officers. As he was being escorted to the zone car he stated, "What's the big deal? I didn't hit anybody." One of the arresting officers read Cowan his Miranda rights and inquired if he had any more weapons. According to the officer, Cowan turned and looked toward the tree where the weapons were recovered and said, "no that was it."

*Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, at ¶ 4-12.

{¶ 5} In his direct appeal, Cowan claimed his convictions were not supported by sufficient evidence in that the guns were not test-fired to show that they were in fact operable. This court explained that it is not necessary for a gun to be test-fired to prove that it was operable and that proof of operability can be established beyond a reasonable doubt by testimony of lay witnesses who were in a

position to observe the instrument and the circumstances surrounding the crime. This court concluded that the totality of the circumstances provided proof that the guns were operable: Celena, Toni, and Robert all testified that Cowan shot at Robert from close range. Robert saw a flash from one of the guns as it fired, and Cowan's neighbor heard gunshots and saw Cowan shooting at someone down the street.

{¶ 6} The Supreme Court of Ohio affirmed this court's denial of his latest petition for a writ of mandamus on April 18, 2018. Cowan alleged that, on July 30, 2018, a family friend obtained through a public records request certain *Brady* materials not previously disclosed by the prosecutor. Five months later, on January 2, 2019, Cowan filed a motion for leave to file a motion for a new trial. He attached to his motion several pages from the "Offense/Incident Report" in this case, one of which contained Detective Don Meel's report of the test result of the guns retrieved from near Cowan's residence. He also attached correspondence dated July 30, 2018, on the letterhead of City of Cleveland Department of Law Public Records Section.

{¶ 7} The trial court denied his motion without a hearing. Cowan now appeals. All three assignments concern the trial court's denial of his motion without a hearing, and we address them together.

**Motion for Leave to File a Motion for a New Trial**

{¶ 8} Crim.R. 33 governs a motion for a new trial. If a motion for a new trial is made on grounds of newly discovered evidence, the motion must be filed within 120 days after a verdict. Crim.R. 33(B). If a defendant files a motion for a new trial

after the expiration of that time, the defendant must first seek leave of the trial court to file a delayed motion for a new trial. *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999). To obtain leave, the defendant must demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the new evidence within the time period specified by Crim.R. 33(B). *Mathis*. When a defendant files a motion for leave to file a motion for a new trial, the trial court may not consider the merits of the motion for a new trial until it first makes a finding of unavoidable delay. *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 14.

**{¶ 9}** "'[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.'" *Brown* at ¶ 13, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). As the Second District explained in *State v. McConnell*, 2d Dist. Montgomery No. 24315, 2011-Ohio-5555, ¶ 18,

> [t]he essence of Crim.R. 33 is that collateral attacks on the validity of trial proceedings must be made close in time to the proceeding to ensure that any issue raised may be given full and fair consideration. The rule equally protects both the finality of verdicts and principles of judicial economy. Delays in presenting evidence once discovered undermine the [] overall objective of the criminal rules in providing the ["] speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay." [*State v. Barnes*, 12th Dist. Clermont No. CA99-06-057, 1999 Ohio App. LEXIS 6421, 1999 WL 1271665, 2 (Dec. 30, 1999).] Allowing a defendant to drag the process out while the evidence and the recollections of

witnesses become increasingly stale defies the very purpose of the criminal rules.

**{¶ 10}** The burden is on the defendant to show by clear and convincing proof that he was unavoidably prevented from filing his motion within the time prescribed and he must make such showing with more than a mere allegation that he was unavoidably prevented from discovering the evidence he seeks to introduce to support a new trial. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 20.

**{¶ 11}** A defendant is entitled to a hearing on a motion for leave to file a motion for a new trial only if he submits documents that, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence in question. *See, e.g.*, *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 12; *State v. Ambartsoumov*, 10th Dist. Franklin Nos. 12AP-877 and 12AP-878, 2013-Ohio-3011, ¶ 13; *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 54; and *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77 (2d Dist.). In other words, the trial court is required to hold a hearing to determine whether there is clear and convincing proof of unavoidable delay only if the court determines that the documents submitted on their face support the defendant's claim that he was unavoidably prevented from timely discovering the evidence.

**{¶ 12}** A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial is reviewed for an abuse of discretion. *See, e.g.*, *State*

*v. Washington*, 8th Dist. Cuyahoga No. 103875, 2016-Ohio-5329, ¶ 16. The trial court's decision whether to hold an evidentiary hearing on a defendant's request for leave to file a delayed motion for new trial is also reviewed for an abuse of discretion. *State v. Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, ¶ 16.

**Appellant's Motion for Leave and Supporting Documents**

{¶ 13} Cowan attached to his motion for leave three pages (pages 6, 7, and 9) from the "Cleveland Police Department Offense/Incident Report" in this case. Page 6 of the Offense/Incident Report contained Detective Don Meel's report regarding the test result for two firearms and a partially loaded pistol magazine retrieved from the bushes of 4120 E. 139th Street, near Cowan's residence. Detective Meel stated that "these two weapons and ammunition were processed using cyanoacrolate [fuming] and white powder with negative results. No prints. No trace." There was no further explanation as to what a result of "no prints" or "no trace" indicate.

{¶ 14} To show that Detective Meel's report was newly discovered evidence and that he was unavoidably prevented from discovering the evidence, Cowan attached a correspondence in the letterhead of City of Cleveland Department of Law Public Records. The document states the following in its entirety:

07/30/2018

Craig A. Cowan

Re: PUBLIC RECORDS REQUEST of July 30, 2018, Reference # P006993-073018

Dear Craig A. Cowan,

The City of Cleveland received a public record request from you on July 30, 2018. You requested the following:

"Crime Scene Unit Report 2011-00143308"

This letter will certify that the responsive documents are true, accurate, and authentic copies of the records maintained in the regular course of business by the City of Cleveland Law Department

Public Safety- Public Records Request – P006993-073018

If you have any questions, or wish to discuss this further, please contract City of Cleveland Public Records."

Sincerely,
City of Cleveland Public Records

City of Cleveland
Mayor Frank G. Jackson

{¶ 15} Five months after the alleged public records request, on January 2, 2019, Cowan filed a motion for leave to file a motion for a new trial. In his motion for leave, he stated the following:

Movant has had family friends make public record request to the Cleveland Police Department concerning any and all police reports related to Cowan's case and investigation. Some request[s] have been more successful than other requested materials.

Over a period of over 7½ years, family friends have made several visits to secure evidence that had been suppressed. This is not ordinary information. I present to this court exculpatory evidence.

* * *

On one visit to the Police Department, family friend was given access to the missing CLEVELAND DEPARTMENT INCIDENT REPORT of Detective Donald J. Meel. * * *."

{¶ 16} The state filed a brief opposing Cowan's motion for leave to file a motion for a new trial on the ground that, contrary to Cowan's allegation, the report in question had been provided to the defense as part of pretrial discovery.

{¶ 17} The state pointed to a Bate stamp at the bottom of the pages that Cowan purportedly obtained through a public records request and explained that the Bate stamp reflected that these pages were part of the documents that were provided through discovery before trial. For example, page 6 — the page containing Detective Meel's report — bore the stamp "Cuyahoga County Prosecutor's Office 5066092 40128 V14560E-65 PKG1 6/10/2011 Page 65," which indicated the document was provided through the electronic discovery portal on June 10, 2011, and was page 65 of the discovery package provided to the defense.

{¶ 18} The state also attached to its brief in opposition an affidavit from the assistant prosecutor who handled the trial in this case. The affidavit stated that (1) he prepared a discovery package during the course of prosecuting the case in response to the discovery request made by the defense pursuant to Crim.R. 16; (2) the case management system used by the Cuyahoga County Prosecutor's Office allowed for discovery to be electronically delivered to defense counsel; and (3) the nine-page Offense/Incident Report in this case was included in the discovery package.

{¶ 19} On the record before us, we cannot conclude the trial court abused its discretion in summarily denying Cowan's motion for leave to file a motion for a new trial without a hearing. The documents submitted by Cowan — the correspondence

purportedly showing a public records request on July 30, 2018, concerning the case and pages from the Cleveland Police Department Offense/Incident Report bearing Bate stamping by the Prosecutor's Office — on their face did not support his claim that he was unavoidably prevented from timely discovering the new evidence. Even if we assume the authenticity of the public records letter — which the state disputes — the letter only demonstrates that there was a public records request for a "Crime Scene Unit Report" in this case and that the Law Department provided documents in response. This document on its face did not support a claim that Cowan had no knowledge of the existence of the police report and could not have learned of its existence timely in the exercise of reasonable diligence. *See, e.g., State v. Armengau*, 10th Dist. Franklin No. 16AP-355, 2017-Ohio-197, ¶ 33 (trial court did not abuse its discretion in denying appellant's motion for leave to file a delayed motion for new trial without holding an evidentiary hearing where appellant failed to allege facts that would excuse his failure to timely file a motion for new trial).

{¶ 20} In fact, the documents submitted by Cowan did not even seem to support his claim that the police report was newly discovered evidence — the Bate stamping by the prosecutor's office appears to be telling evidence that the document was part of the discovery package provided to the defense. In order to establish a defendant was unavoidably prevented from discovering the new evidence, the defendant must first establish the evidence was "newly discovered." *State v. Davis*, 10th Dist. Franklin No. 03AP-1200, 2004-Ohio-6065, ¶ 14. For these reasons, we are unable to find that the trial court abused its discretion denying Cowan's motion

for leave to file a motion for a new trial without a hearing.[1]  The first and second assignments of error is without merit.

{¶ 21} Under the third assignment of error, Cowan claims that the trial court's denial of his motion for leave to file a motion for a new trial was an abuse of discretion because he has established his trial counsel provided ineffective assistance in failing to call Detective Meel as a witness at trial.  Cowan did not raise this argument in his motion for leave to file a motion for a new trial.  Even assuming he had raised this claim before the trial court, we note that the ineffective-assistance-of-counsel claim may conceivably be raised as part of his motion for a new trial *if* he successfully demonstrates by clear and convincing evidence that he was unavoidably prevented from timely discovering the evidence in question.  As we have explained in the foregoing, Cowan failed to present documents to support the threshold issue that he was avoidably prevented from timely discovering the evidence.  Accordingly, the third assignment of error also lacks merit.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[1] In his brief on appeal, Cowan appears to argue that Detective Meel's report constituted newly discovered evidence because it was not provided to him either directly or through counsel.  He states in his brief that "[t]he prosecutor has revealed that it is acceptable not to disclose favorable information to the defendant, as long as [they say] it was furnished/provided through the electronic discovery portal to the defense counsel."  Even assuming Cowan did not know of the existence of Meel's report as he alleged, we note that Crim.R. 16 only requires discovery to be provided to the defendant's counsel.  There is no case law authority requiring discovery to be provided to a defendant represented by counsel.  As such, we are unwilling to hold that evidence that was not provided to a represented defendant constituted new evidence for purposes of a motion for leave to file a motion for a new trial.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR