[Cite as *State v. Walter*, 2020-Ohio-6741.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Nos. 109395 and 109399 |
| v. | : | |
| TERRANCE J. WALTER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 17, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-485250-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee.*

Terrance J. Walter, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Terrance J. Walter appeals from the denial of a motion for leave to file a delayed motion for a new trial and a successive petition for postconviction relief, both of which were filed over 12 years after the final entry of conviction was entered. Walter and his codefendant Antonio Campbell were convicted for the

murder of Samuel Sims, Jr. Campbell pleaded guilty and testified against Walter. The jury found Walter guilty of all counts and specifications, and the trial court sentenced Walter to an aggregate term of imprisonment of 34 years to life. For the following reasons, we affirm.

{¶ 2} This is not Walter's first foray into postconviction proceedings. After his direct appeal in *State v. Walter*, 8th Dist. Cuyahoga No. 90196, 2008-Ohio-3457, Walter has filed an application for reopening pursuant to App.R. 26(B) (*State v. Walter*, 8th Dist. Cuyahoga No. 90196, 2009-Ohio-954); a writ of procedendo to compel the trial court to rule on his Civ.R. 60(B) motion in his underlying case (*Walter v. State*, 8th Dist. Cuyahoga No. 100089, 2013-Ohio-3621); a writ of procedendo, asking this court to order the trial court to "render a ruling with regard to a motion to remove court costs/fines" (*Walter v. State*, 8th Dist. Cuyahoga No. 100091, 2013-Ohio-4198); a petition for postconviction relief (*State v. Walter*, 8th Dist. Cuyahoga No. 99894, 2014-Ohio-393); a motion to issue a final appealable order in compliance with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (*State v. Walter*, 8th Dist. Cuyahoga No. 104443, 2017-Ohio-466); and a motion for leave to file a motion for new trial based on a claim that his trial counsel had a conflict of interest by representing Walter and his codefendant (*State v. Walter*, 8th Dist. Cuyahoga No. 106984, 2018-Ohio-4415).

{¶ 3} In addition, Walter filed a motion for leave to file a motion for new trial in 2009, in which he argued that his codefendant was the shooter. *Walter*, 8th Dist. Cuyahoga No. 106984, 2018-Ohio-4415, at ¶ 4. Walter attached an affidavit

from the codefendant recanting his trial testimony. *Id.* at ¶ 7. The trial court granted Walter leave to file the motion and set the matter for an evidentiary hearing. *Id.* After the hearing, the trial court denied his motion. *Id.* Walter appealed this denial, which was dismissed for failure to file the record. *Id.*, citing *State v. Walter*, 8th Dist. Cuyahoga No. 96136. In 2010, Walter filed a motion captioned "order to cease and desist," in which Walter sought an order compelling the court reporter who transcribed the hearing on his motion for new trial to provide him with a copy of the transcript at no cost. *Id.* at ¶ 8. The trial court also denied this motion. *Id.* Walter appealed, and the appeal again was dismissed for the want of a record. *Id.*, citing *State v. Walter*, 8th Dist. Cuyahoga No. 96400.

{¶ 4} Following the numerous, unsuccessful attempts to challenge various aspects of his convictions, Walter sought a copy of the police report created in relation to his case through the help of a third party and Walter's uncle in late 2016. Walter obtained the police report in the fall of 2017, but claims he never reviewed the information personally because the third party and his uncle were presenting the information to various attorneys — presumably in the attempt to circumvent the general proposition that a delayed motion for a new trial must be filed within a reasonable time after discovering the new evidence. *State v. Lemons*, 11th Dist. Trumbull No. 2019-T-0001, 2019-Ohio-5060, ¶ 13. According to Walter, the information was passed around to at least two attorneys, with the materials being returned to Walter in February 2019. In his motions, Walter claimed that the police

report constituted newly discovered evidence as contemplated under Crim.R. 33 and R.C. 2953.23.

{¶ 5} Walter's appellate briefing focuses on the standard under Crim.R. 33 although he acknowledges that the consolidated appeals involve both his motions under Crim.R. 33 and the postconviction relief statutes. It is well settled that "a motion for a new trial pursuant to Crim.R. 33 and a postconviction petition are separate and distinct postconviction remedies." *State v. Jones*, 9th Dist. Summit No. 28547, 2019-Ohio-1870, ¶ 7, citing *State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289, ¶ 13; *State v. McFarland*, 7th Dist. Jefferson No. 08 JE 25, 2009-Ohio-4391, ¶ 9. Accordingly, we need not discuss the trial court's decision denying Walter's petition for postconviction relief. At a minimum, an appellate brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). The sole argument presented by Walter focuses on Crim.R. 33 to the exclusion of the separate standards under R.C. 2953.21 through 2953.25.

{¶ 6} Crim.R. 33 provides six reasons upon which an offender may seek a new trial: (1) irregularity in the proceedings that deprives the defendant of a fair trial; (2) misconduct of the jury, prosecutor, or a state's witness; (3) accident or surprise that ordinary prudence would not have guarded against; (4) verdict is not sustained by sufficient evidence; (5) legal error during trial; or (6) new evidence

material to the defense is discovered that could not have been discovered with reasonable diligence in time for trial. Motions for a new trial on account of newly discovered evidence must be filed within 120 days of the verdict, also unless the defendant was unavoidably prevented from discovering the evidence. *Id.* Thus, under the rule, a defendant who fails to timely file a motion for a new trial must seek leave from the trial court to file a delayed motion for a new trial. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 10, citing *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999). "[N]ewly discovered evidence is, by definition, that 'which the defendant could not with reasonable diligence have discovered and produced at trial.'" *State v. Campbell*, 1st Dist. Hamilton No. C-950746, 1997 Ohio App. LEXIS 11, 12-13 (Jan. 8, 1997).

{¶ 7} To obtain leave, Crim.R. 33(B) requires that the defendant must show clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial. "[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion * * * and could not have learned of the existence of that ground within the time prescribed for filing the motion * * * in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). In addition, the defendant must show that he sought leave within a reasonable time after discovering the evidence relied upon to support the motion for new trial. *State v. Nunez*, 8th Dist. Cuyahoga No. 104917, 2017-Ohio-5581, ¶ 17, citing *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 18. A trial court's decision with

respect to a motion for a new trial under Crim.R. 33 cannot be reversed absent an abuse of discretion. *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 13 (8th Dist.). This includes any decision granting or denying an evidentiary hearing. *State v. Johnson*, 8th Dist. Cuyahoga No. 109084, 2020-Ohio-3371, ¶ 14, citing *State v. Bonnell*, 8th Dist. Cuyahoga No. 108209, 2019-Ohio-5342, ¶ 37, and *State v. Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, ¶ 16.

{¶ 8} In this case, Walter's claims fail at the most basic of levels — nothing in the record demonstrates that the police report or its contents constitute "newly discovered evidence" under Crim.R. 33(B). Walter simply assumes this fact of consequence based on his speculative belief that his counsel was unaware of the police report or its contents. "In order to establish a defendant was unavoidably prevented from discovering the new evidence, the defendant must first establish the evidence was 'newly discovered.'" *State v. Cowan*, 8th Dist. Cuyahoga No. 108394, 2020-Ohio-666, ¶ 20, citing *State v. Davis*, 10th Dist. Franklin No. 03AP-1200, 2004-Ohio-6065, ¶ 14. "'Newly discovered evidence' is, by definition, that 'which the defendant could not with reasonable diligence have discovered and produced at the trial.'" *State v. Trimble*, 11th Dist. Portage No. 2017-P-0062, 2018-Ohio-3444, ¶ 25, citing Crim.R. 33(A)(6).

{¶ 9} Walter alleges that the contents of the police report were not made available to him before his trial; however, there is no requirement for this to have occurred. *State v. Bluford*, 8th Dist. Cuyahoga No. 83921, 2004-Ohio-4088, ¶ 26; *State v. Jones*, 10th Dist. Franklin No. 16AP-13, 2016-Ohio-5387, ¶ 9. Because

Walter may not have been privy to the exchange of discovery, his claim depends on his trial counsel's knowledge. Inasmuch as Walter alleges that his counsel was not provided the police report before trial, or at the least notified of its contents, Walter failed to substantiate such a claim beyond his self-serving speculation — the sole statement on this topic is limited to Walter's unverified belief that his counsel was unaware of the existence or the contents of the police report before trial. Unsubstantiated, self-serving allegations are not sufficient to demonstrate entitlement to an evidentiary hearing. *See, e.g., State v. Hill*, 1st Dist. Hamilton No. C-180114, 2019-Ohio-365, ¶ 70.

**{¶ 10}** Moreover, according to the state, the contents of the police report, identified as newly discovered evidence by Walter, were not only known to defense counsel before trial, but the subject of cross-examinations of trial witnesses — demonstrating that the contents of the police report were available to Walter's trial counsel before trial. It is self-evident that Walter is attempting to argue that a newly obtained document must necessarily constitute "newly discovered" evidence. We cannot agree with such a broadly asserted conclusion.

**{¶ 11}** On this point, Walter argues that there are several pieces of evidence revealed by the police report he obtained in 2017: (1) a statement from the DNA expert regarding the fact that Walter's codefendant was identified as a contributor to the DNA material found on the mask but that the DNA profile was also linked to a case in Richland County; (2) several statements regarding the victim's involvement in drug trafficking; (3) unspecified statements from a witness allegedly inconsistent

with trial testimony (although the specific testimony was never identified); (4) the fact that one trial witness was under an indictment in an unrelated case; (5) unspecified statements regarding Walter's threats to a witness's family that were alleged to have been omitted from trial discovery materials; (6) discrepancies in a witness's identification of the codefendant's firearm; and (7) a statement regarding the fact that a "young boy" witnessed the shooting.

{¶ 12} As the state notes, all of the supposed "newly identified" evidence was thoroughly discussed at trial: the DNA evidence from the ski mask implicating Walter's codefendant was the subject of extensive cross-examination, including the fact that Walter's DNA was not conclusively identified from material found in the mask; the FBI agent was called as a witness at trial and subject to cross-examination on the suspected motive of the shooting; Walter's argument regarding the drug trafficking is based on witness statements regarding a financial transaction that had nothing to do with drug trafficking (and thus seems irrelevant to the argument presented); Walter's counsel was aware of the trial witness's indictment and the statements regarding Walter's alleged threats to a witness's family based on the trial cross-examination exploring such; any discrepancies regarding the codefendant's possession of a particular firearm were discussed at trial, including the fact that the witness did not see the codefendant in possession of the firearm on the day of the shooting; and finally, there was trial testimony regarding the victim's child witnessing the events surrounding the shooting. *Walter*, 8th Dist. Cuyahoga No. 90196, 2008-Ohio-3457, ¶ 3, 8, 9, 12, and 14. In short, none of Walter's arguments

demonstrate that the contents of the police report constituted "newly discovered" evidence.

{¶ 13} In light of the fact that Walter has not presented any evidence demonstrating the police report and its contents are "newly discovered," the trial court did not abuse its discretion in denying the motion for leave to file a delayed motion for a new trial. Further, Walter's failure to provide any argument in support of error in the trial court's denial of the petition for postconviction relief precludes our ability to review that decision in its entirety.

{¶ 14} Walter's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR